Nash, J.
 

 We see no error committed by the presiding Judge. The testimony tendered by the defendant, to show that he thought and believed his first marriage to be void for the want of a license, was properly rejected by the Court. The law of this State, Rev. Stat. ch. 71, sec. 2d, authorises and impowers the Clerks of the several County Courts to grant marriage licenses, upon the applicant’s giving bond and security agreeably to its provisions ; but if a marri-age is solemnized by a minister of the gospel or a magistrate, without a license, though he may subject himself to a penalty, the marriage is, notwithstanding, good to every intent and purpose. •' There can be no doubt, then, that the marriage between “the defendant and Elizabeth Williams was legal and valid, although no license had been obtained from the Clerk.— It is a well settled principle that ignorance of the law excuses no criminal act. It is a maxim,
 
 Ignoraniia juris, quod quisque tenetur scire, neminem excusat.
 
 Every person is presumed and bound to know the law. Thus Justice Blackstone states, if a man thinks he has a right to kill an excommunicated or outlawed person, wherever he meets him, and does so, it is murder. 4 Bl. C, 27. In this case, the testimony was properly ruled out. The defendant’s ignorance, if it really existed, might well be addressed to the Court, in mitigation of the punishment, when any discretion was given by the law.
 

 We agree with his Honor in his charge. It was necessary for the State to prove a legal marriage between the defendant and Elizabeth Williams, and the performance of the ceremony, between him and Elizabeth Robbins, by a person duly qualified. It is not denied, that the
 
 *26
 
 ceremony in each case was performed by the individual, it is alleged did perform it, but it is contended that there was no legal evidence, that Michael Harvey and James Hodgins were Justices of the Peace at the time they officiated, and that the only competent evidence to prove the fact was the commission from the Governor. It was proved, that both those individuals, at the time they performed the ceremony and both before and after for a length of time, were and had been acting Justices of the Peace for the County of Randolph. To prove a general allegation, that a person holds a particular office or situation, it is usually sufficient to prove his acting in that capacity, 2 Star. Ev. 218. In the case of peace officers and Justices of the Peace, it is sufficient to prove, that they acted in those capacities, even in a case of murder.
 
 Berryman against Wise,
 
 4th Term 366, per Justice Bullber,
 
 Garden’s case,
 
 Leach 581;
 
 Rex
 
 v.
 
 Shelby,
 
 Leach 381; Rex v.
 
 Bigg,
 
 3 P. Will. 427;
 
 Rex
 
 v.
 
 Verelst,
 
 3 Camp. 432. In the case of
 
 Gilliam against Reddick,
 
 5th Ire. 370, the principle is by the Court stated to be, that the acts of an officer
 
 de-facto,
 
 acting openly and notoriously in the exercise of an office, for a considerable length of time, must be held as effectual, when they concern the rights of third persons or the public, as if they were the acts of rightful officers. Here the two individuals, Michael Harvey and James Hodgins had been notoriously, and for a considerable time,, both before and after performing the marriage ceremonies in this case, acting as Justices of the Peace for Randolph. Comity, and it mast be taken that they were at that time Justices of the Peace, until the contrary be shown. The marriage was proved by persons, who were present, and in the case of the
 
 King against William Allison,
 
 1st vol. Eng. Cr. cases, it Avas decided that a marriage so pro\Ted was valid, although there was no proof of the registration of the marriage, or of any license or publication of banns. That was a prosecution for bigamy.
 

 The objections made in behalf of the defendant can- ^
 
 *27
 
 not avail him. We see no error in the charge of the Judge.
 

 This opinion must be certified to the Superior Court of Randolph County, that it may proceed to final judgment.
 

 Per Curiam. Ordered accordingly.