## STEYER v. DWYER.

CONTRACT: EVIDENCE. Parol evidence is admissible for the purpose of showing that certain words used in a contract have by known and established usage acquired a signification different from their general or popular sense; as that the word "town" used in a contract, included the town and *vicinity*.

*Appeal from Winnesheik District Court.*

FRIDAY, JANUARY 27.

INJUNCTION granted upon petition, and on the trial made perpetual. Defendant appeals. The facts are stated in the opinion.

· *L. Bullis* and *Morse & Brown* for the appellant. ·

*J. T. Clark & Co.* and *R. Noble* for the appellee.

DAY, Ch. J. — The plaintiff filed in the Winnesheik district court a petition alleging that on the 22d day of July, 1867, the plaintiff purchased of defendant a certain quarry situated in Decorah township, and that, at the same time, the plaintiff and defendant entered into the following written contract, to wit: "And it is further agreed by and between the said parties that the said Dwyer shall not go into the business of stone cutting again in the town of Decorah, unless some other person shall commence the same kind of business in competition with said Steyer, and the said Steyer is not to engage in or carry on the business of making or burning lime in said town as long as the said Dwyer is engaged in said business, or convey to others the right." The petition further alleges the performance of the contract on the part of plaintiff, and its breach by defendant, and asks for a writ of injunction and a decree making the same perpetual.

On the 10th day of August an injunction was issued and served on defendant. On the 13th of October, 1869, the defendant answered admitting the contract and denying the breach thereof. On the trial of the cause the court entered the following decree, to wit: " That the defendant be forever and perpetually enjoined from cutting stone, and permitting the same for and to any person or persons in said town of Decorah, by himself or agents, directly or indirectly, and that he be required to refrain from entering into that business in said town or immediate vicinity thereof, until others engage therein in competition with the plaintiff."

To this decree it is objected, 1st. That the first clause restrains defendant perpetually, when the contract is conditional. 2d. The latter is too broad, as it includes the town and the *vicinity*, when the contract includes only the town. The first objection is without foundation. An examination of the whole decree shows, plainly, that the defendant is enjoined only until others engage in the business of stone cutting in competition with plaintiff. Nor is the decree, in our judgment, amenable to the second objection named. The legal signification of the word *town*, in this State, is a collection of houses. Rev. § 29, subd. 16. Such, also, is here its ordinary and popular signification. Yet, quite commonly in the United States, it is used to denote the whole territory within certain limits, and as synonymous with the word *township*. The terms of every written instrument are to be understood in their *plain, ordinary and popular sense.* 1 Greenl. Ev., § 278. This rule, however, is subject to the exception that parol evidence is admissible for the purpose of showing that, in the place where the contract is made, the words employed have, by *known and established usage,* acquired a signification different from the general and popular sense. And parties, in making their contracts, are supposed to refer to this usage, just as they are pre-

sumed to employ words in their usual and ordinary signifi-
cation. 1 Greenl. on Ev., § 292. *Pilmer* v. *The Branch
of the State Bank at Des Moines*, 16 Iowa, 322, and cases
cited.

The record does not contain the evidence upon which
the court below acted. It was competent for the plaintiff
to prove that, where this contract was made, the word
*town* had, by known and general usage, acquired a local
and peculiar signification extending it beyond the mere
idea of a collection of houses. This court will not pre-
sume, as against the judgment of the court below, that
such evidence was not introduced. From such testimony
the court would clearly be justified in restraining the de-
fendant from carrying on the business of stone cutting in
the vicinity of the town of Decorah.

Other objections are made to the decree, based upon the
testimony introduced. As the record does not contain the
evidence, these objections cannot be considered.

Affirmed.