## The People v. John Brown.

*Bigamy: Void second marriage: Marriage of negro and white woman.* It is no defense to a charge of bigamy that the second marriage was one between a negro and a white woman, which is prohibited and made void by statute; for every bigamous marriage is void.

*Bigamy: Gist of the offense: Two elements of illegality.* It is the entering into the void marriage while a prior valid marriage exists, that constitutes the gist of the offense; and it cannot help matters any that there are two elements of illegality in the case, instead of one. It is no valid reason for relieving a person from the consequences of violating one statute, that the act of doing so violated also another.

*Submitted on briefs June 13. Decided June 20.*

Exceptions from Recorder's Court of Detroit.

*A. J. Smith, Attorney General,* for the People, argued that a bigamous marriage is always void; that no man can

lawfully marry when he is already married; that the gist of the offense is the going through the ceremony of marriage and living with the woman as if married when the party is already lawfully married; that the violation of two statutes does not relieve from liability under either; that two wrongs do not make a right; that even where the second marriage is incestuous the offender is nevertheless liable for bigamy.—*Bishop on Stat. Cr.*, § *590–2, and note 1; Rex v. Penson, 5 C. & P., 412; Reg. v. Brawn, 1 C. & K., 144; Hayes v. People, 5 Parker, 325; Roscoe Cr. Ev., 309–10; 2 Bishop Cr. L.*, § *1025.*

*James H. Garlock*, for respondent, to the point that to sustain a conviction for bigamy the second marriage must have been such a one as would have been in all respects legal and valid except for the fact that the defendant then had a former wife living, cited: *3 Green. Ev.*, § *205; Bishop on Stat. Cr.*, § *592; Reg. v. Fanning, 17 Irish C. L., 289; 10 Cox C. C., 411; Burt v. Burt, 2 Swaby & Tristram, 88; Carmichael v. State, 12 Ohio St., 554; Hayes v. People, 25 N. Y., 398; Reg. v. Miller, 10 Cl. & F., 689.*

COOLEY, CH. J:

The defendant seeks to avoid the penalties of a bigamous marriage by showing that he is a negro, and that the other party to the marriage was a white woman, with whom under the statute it was impossible for him to contract marriage at all.—*Comp. L.*, § *4724.* The argument is, that if the ceremony of marriage has taken place between parties who, if single, would be incapable of contracting marriage, the marriage ceremony is merely idle and void, and the respondent cannot be said to have been married the second time at all.

The logic of the argument is not very obvious. It certainly cannot be based upon any idea that there must be something of binding and obligatory force in the second.

marriage; for every bigamous marriage is void, and it is the entering into the void marriage while a valid marriage exists that the statute punishes. Nor can we understand of what importance it can be that there are two elements of illegality in the case instead of one, or why the party should be relieved from the consequences of violating one statute because the act of doing so was a violation of another also.

The authorities sanction no such doctrine. There are loose statements in some of the cases that the second marriage must have been one that, but for the existence of the first, would have been valid; but these evidently relate to the acts and intent of the parties, and not to the legal ability to unite in a valid relation. It was decided in *Rex v. Penson, 5 C. & P., 412*, that bigamy was committed in marrying a woman under an assumed name, though by law such a marriage between persons capable of contracting would be void. The case of *Regina v. Brawn, 1 C. & K., 144*, was similar to the present in its facts, and Lord Denman in summing up said: "It is the appearing to contract a second marriage, and the going through the ceremony, which constitutes the crime of bigamy, otherwise it never could exist in ordinary cases, as a previous marriage always renders null and void a marriage that is celebrated afterwards by either of the parties during the lifetime of the other. Whether therefore the marriage of the two prisoners was or was not in itself prohibited, and therefore null and void, does not signify, for the woman, having a husband then alive, has committed the crime of bigamy, by doing all that in her lay by entering into marriage with another man." These cases are recognized in the case of *Hayes v. People, 25 N. Y., 390*, which is relied upon by the respondent, but which affords no countenance for his exceptions.

The recorder's court must be advised that we find no error in the record, and that judgment should be pronounced on the verdict.

The other Justices concurred.