THE STATE v. HUGHES.

1. **Criminal Law :** INDICTMENT: GRAND JURY: PRACTICE. A motion to quash an indictment, upon the ground that the grand jury which found the indictment was impaneled after a prior grand jury for the same term had been discharged, was properly overruled.

2. ———: BIGAMY: INDICTMENT: STATEMENTS OF. In a prosecution for bigamy, the date of the lawful marriage is immaterial and need not be stated in the indictment.

3. ———: ———: ———. Where the marriage took place in another State, the indictment need not allege that it was a valid marriage by the laws of such State.

4. ———: ———: ———. An allegation in the indictment that the marriage relation, created by the lawful marriage, still existed, was sufficient, without alleging that the lawful wife was still alive.

5. ———: INDICTMENT: ALTERATIONS OF. A motion to strike the indictment from the files upon the ground of alleged alterations, where the proof shows the alterations were made before the indictment was returned, was properly overruled.

6. ———: BIGAMY: PROOF OF MARRIAGE. The oral testimony of the lawful wife was competent for the purpose of proving a marriage between herself and the defendant.

7. ———: ———: PLACE OF COMMISSION OF THE CRIME. A person may be indicted for bigamy in the county where the unlawful marriage took place, or in a county where he cohabited under the marriage.

8. ———: ———: DEFENSES: EVIDENCE. Evidence considered and held not to show that the defendant acted upon reputable legal advice in entering into the bigamous marriage, or was ignorant that his lawful wife was living at the time.

*Appeal from Webster District Court.*

FRIDAY, APRIL 21.

THE defendant was indicted in Pocahontas county for the crime of bigamy; verdict and judgment having been rendered against him, he appeals.

*J. A. O. Yeoman,* for appellant.

*Smith McPherson, Attorney-general,* for the State.

ADAMS, J.—I.  The defendant moved to quash the indictment, upon the ground that the grand jury by which it was found was not legally constituted.  The facts disclosed by a stipulation are, that on the 23d day of June, 1873, a grand jury was duly called, examined, charged, sworn and sent out to transact the business of a grand jury; that afterward, the grand jury, on the motion of the district attorney, was discharged; and afterward, on the 24th day of June, 1873, another grand jury was called, sworn, and charged, and sent out to transact the business of a grand jury, which is the grand jury which found the indictment.

1. CRIMINAL law : indictment : grand jury : practice.

The defendant's position is that the court had no power to discharge the first grand jury; that notwithstanding its supposed discharge, therefore, it was really in existence, and being so the second was illegal, because there can be but one grand jury in a county at the same time.

Upon what ground the court acted in discharging the first grand jury does not appear.  If it could be done for any reason it would be our duty to assume that it was done for a good reason.  But the defendant insists that a grand jury legally called, examined, charged and sworn, cannot properly be discharged for any reason.

We will not go into that question. If a court, under some mistaken view of the law in regard to the legality of a grand jury, should discharge it, we do not think that its action could be treated as void. If there were no objection to the second grand jury except the erroneous discharge of the first, it will be seen at once that the objection to the second would be purely technical. No substantial right of the defendant would be affected. The objection urged, therefore, does not constitute a ground of reversal. Code, § 4538. We think that the motion to quash was properly overruled.

II. The defendant filed a demurrer to the indictment, which was also overruled. The first objection urged to the indictment is that it does not state in what year the lawful marriage was contracted, but states that the date of the lawful marriage is to the grand jury unknown.

2. ——: bigamy: indictment: statements of.

In our opinion the date of the lawful marriage is not material. It was not the lawful marriage which constituted the offense. It was the second marriage, contracted while the defendant had a lawful wife living.

III. The next objection urged to the indictment is that, while it states that the first marriage took place in Illinois, it does not state that it was a lawful and valid marriage by the laws of Illinois. In our opinion this objection is not well taken. If the marriage was not valid by the laws of Illinois it was no marriage; and the statement contained in the indictment that the defendant was married, etc., could not be true.

3. ——: ——: ——.

IV. The next objection urged to the indictment is that, it does not state that the lawful wife of the defendant was, at the time of the second marriage, still living. But the indictment states that the marriage relation entered into by the lawful marriage still exists. This we think is sufficient.

4. ——: ——: ——.

The demurrer to the indictment, it appears to us, was properly overruled.

V. The defendant moved to strike the indictment from the files upon the ground that the same had been altered by erasure of certain words and insertion of others. In support of the motion, the defendant filed certain affidavits tending to show that no evidence was introduced before the grand jury as to the maiden name of the lawful wife; and that the indictment when returned showed that her maiden name was unknown, whereas it now shows that her maiden name was Johnson. The state introduced counter-affidavits tending to show that whatever change was made in the words of the indictment was made before its return. The court overruled the motion, being satisfied, we doubt not, that the fact of the alleged alteration was not established. We are now asked to review the evidence, and hold that the court erred in weighing it.

5. ———: indictment: alterations of.

Whether in a conflict of evidence of a fact relied upon by the defendant in such a case, we should not hold the finding conclusive we do not determine. The affidavit of the person, who was the district attorney at the time the indictment was found, and who is at present the district judge of that district, was introduced. It shows that he wrote the indictment, and that no change was made after it was returned. The well known high character of the affiant, the almost absolute certainty of his knowledge, and the improbability that his memory is in fault, gives his affidavit great weight, and we have to say that we do not think that it is overcome. In our opinion the motion to strike the indictment from the files was properly overruled.

VI. Phebe Hughes. the lawful wife, was introduced by the State as a witness, against the defendant's objection, to prove the marriage between her and the defendant. In this we think that there was no error. The point was expressly ruled in *State v. Sloan*, 55 Iowa, 219. See, also, *State v. Bennett*, 31 Iowa, 24.

6. ———: bigamy: proof of marriage.

Objection was made to the introduction of a copy of the record of the marriage. We need not consider this objection.

The marriage was proven by the uncontradicted testimony of Phebe Hughes, and this was sufficient. *State v. Williams*, 20 Iowa, 98.

VII. One Williams was introduced as a witness by the State, who testified that he was a clergyman; and that as such he performed the marriage ceremony, whereby the defendant was married to one Sarah A. Stevens in 1872, in Webster county. The defendant moved to exclude the testimony on the ground that it was incompetent. The court overruled the motion.

The State relied upon the testimony of Williams as proving the bigamous marriage. The defendant's position is, that

7. —— : ——. if the crime was committed in Webster county place of commission of it was not committed in Pocahontas county where crime. the indictment was found.

The indictment, however, states that while the marriage with Sarah A. Stevens took place in Webster county, the defendant cohabited with her as her husband in Pocahontas county. Under Section 4009 of the Code the crime of bigamy is committed, not only by the unlawful second marriage, but by cohabiting with the second husband or wife in this State. The defendant then may be indicted in the county where the unlawful marriage took place, or in a county where the defendant cohabited under the marriage. *State v. Sloan*, above cited. But to prove cohabitation under a bigamous marriage it is necessary to prove the marriage. The court, we think, did not err in not excluding Williams' testimony.

VIII. The evidence shows that the defendant and his lawful wife made, prior to the alleged bigamous marriage, a settlement in regard to their property. In making this set-

8. —— : ——: tlement an attorney by the name of Monroe was defenses: evidence. employed. The defendant introduced as a witness one Murdock, and offered to show by him that at the time of the property settlement, Monroe told the defendant that he was free. The State objected to the testimony and the court sustained the objection. In this we think that there

was no error. The defendant contends that he was not guilty of bigamy, if he acted upon reputable legal advice. It would perhaps be sufficient to say that we see no evidence, or offer of evidence, that the defendant acted upon reputable legal advice. But in no view do we think that the defendant's proposition could be sustained.

IX. The defendant contends that the evidence shows that his lawful wife voluntarily separated from him, more than three years before the alleged bigamous marriage, and that the defendant did not know that she was living when the alleged bigamous marriage took place, and that such being the fact the conviction cannot be sustained. He relies upon Code, § 4010. But we see no evidence of the facts upon which he relies.

We find no error and the judgment must be.

　　　　　　　　　　　　　　　　　　　　　　Affirmed.