# UNITED STATES, RESPONDENT, v. JOSEPH CLARK, APPELLANT.

CRIMINAL LAW.—UNLAWFUL COHABITATION.—If a man has a legal wife living, the presumption of fact is that he cohabits with her, but this is a disputable presumption, which may be rebutted. But if a man having a legal wife living makes habitual visits to her at her house, the presumption of law is that he makes the visits as a husband, and he should not be permitted to say that the visits were made by him in any character other than as husband.

APPEAL from a judgment of the district court of the first district, and from an order refusing a new trial. The opinion states the facts.

*Mr. J. E. Booth* and *Mr. S. R. Thurman*, for appellant.

*Mr. George S. Peters*, for respondent.

ZANE C. J.:

The appellant has appealed from an order of the first district court denying his motion for a new trial, and from a final judgment of conviction. The defendant was indicted for unlawful cohabitation between the first day of January, 1885, and the twenty-first day of February, 1887.

It appears from the evidence in the record that the defendant married Sarah Clark, Hannah S. Clark, and Frances Carter Clark in the order in which their names are mentioned; that they have all lived in the city of Provo (in which appellant also lived) since their respective marriages; and that the first and last wives have borne him children; that the defendant has made his home with Frances nearly all the time mentioned in the indictment, but was in the habit of visiting Sarah, his lawful wife, and remained in her house over night on one occasion. Cohabitation with Frances being admitted, the remaining question is, did the evidence warrant the inference of cohabitation with Sarah. It was not necessary that the evi-

dence should prove sexual intercourse, or that they lived permanently together. She was his lawful wife, and had borne him children, and he was in the habit of visiting her at her home. The most reasonable conclusion to draw from these facts is that he visited and associated with her as her husband. Such conduct towards her on his part, under the circumstances, indicated to the world matrimonial association and living. That was the semblance. We are disposed to find that the evidence authorized the verdict. This conclusion is authorized by the cases of *Cannon* v. *U. S.*, 116 U. S., 55; *U. S.* v. *Snow*, 4 Utah, 280.

The defendant insists that the court erred in its charge to the jury.

*First*, in the following: "If you should find   *   *   * that the defendant was legally married to Sarah Clark,   *   *   * and that she was his legal wife during the time covered by the charge, and that during the same time he was living with one of the other women named in the indictment as her husband, and, while so living, he habitually visited his first wife, then the presumption is that he made those visits in the character of a husband." Assuming the marriage and the habitual visits, the court said that the presumption was that the visits were in the character of husband. The appellant claims that in the language used the court characterized the presumption as a conclusive one. The court announced that the lawful marriage and the habitual visits, affected with the circumstance of living with a plural wife, created the presumption. The court did not say that the presumption could not be rebutted by other facts.

*Second*, that the court erred in the following portion of the charge: "If you find that he was legally married to one of these women, then I charge you, as a matter of law, that there is a presumption that he continued to cohabit with such wife.   *   *   * As to the character of the presumption of continuing cohabitation with the legal wife, I shall call your attention to that further on." And further on in the charge the court did return to the presumption mentioned, and said: "The presumption is, in this as in

other criminal cases of this class, that a man does live and cohabit with his legal wife.  *  *  *  And I charge you, as a matter of law, that presumption is not a conclusive presumption, but is a mere presumption of fact; it may be rebutted; but is a presumption in the case which is a matter of evidence, and is to be given such weight as you think it ought to have, and no more." The court informed the jury in unmistakable terms that the presumption of cohabitation from the legal relation of husband and wife was not a conclusive one, but a mere presumption of fact; that it might be rebutted; that it was a matter of evidence, to be given such weight as the jury should think it ought to have.  While, from the first part of the portion of the charge last excepted to, the jury might have understood the court to describe the presumption as a disputable presumption of law, from the last part they must have understood it to be a mere presumption of fact.  Speaking of these two classes of presumptions, Taylor, in his work on Evidence, (volume 1, p. 126), says: "In practice, however, the distinction between the two species of presumptions is by no means well defined, and the line of demarkation, even when visible at all, is often overlooked.  A presumption which is regarded by some judges as one of law is treated by others as one of fact.  Nay, the same judges place the same presumption at different times in different classes."  We are not disposed to think that the distinction between disputable presumptions of law and presumptions of fact urged by counsel, as it relates to the point under discussion, is of any importance.

*Third*, counsel for defendant urged that the court erred in giving the following portion of the charge: "Therefore there is a presumption, if you find that he was living with a woman at the time he entered into the plural marriage relation, that he was legally married to such woman, and continued such marriage relation with her; and this presumption is more or less strong according to circumstances, and may be given such weight as you think it ought to have, it being a mere presumption of fact." The court in this mentions two presumptions: (1) The presumption of a legal marriage with Sarah, from the fact

that the defendant lived with her; (2) the presumption
of the continuance of such marriage relation.   The de-
fendant stated on the witness stand, as did all the women
named, that he was married to them, and that Sarah was
his lawful wife, and that he had never been legally
divorced from her; so that it was conceded before the
jury that the relation, and the continuance thereof, was
precisely in accordance with the two presumptions men-
tioned by the court.   There could be no error in this last
portion of the charge sufficient to reverse the judgment of
the trial court.

This leaves the two other presumptions: (1) The pre-
sumption, from the lawful marriage to Sarah, and the
habitual visits to her while living with one of his plural
wives, that the visits were in the character of husband; (2)
the presumption that a man does live and cohabit with his
lawful wife.   We will further consider the nature of these
two presumptions, and the right of the court to instruct
the jury with respect to them as in that part of the charge
complained of.

Taylor, in his work on Evidence, (volume 1, p. 85,) says:
"Conclusive   *  *  *   presumptions of law are rules de-
termining the quantity of evidence requisite for the sup-
port of any particular averment, which is not permitted to
be overcome by any proof that the fact is otherwise."
Speaking of disputable presumptions, the same author
says: "These, as well as the former, are the results of the
general experience of the connection between certain facts
or things; the one being usually found to be the com-
panion or the effect of the other.   The connection, how-
ever, in this class, is not so intimate or so uniform as to
be conclusively presumed to exist in every case; yet is so
general that the law itself, without the aid of a jury, infers
the one fact from the proved existence of the other, in the
absence of all opposing evidence."   1 Tayl. Ev., 125.

Of another class of presumptions Best says: "Presump-
tions *hominis*, or presumptions of fact, are divided into
slight and strong, according as they are or are not of suf-
ficient weight to shift the burden of proof.   Slight pre-
sumptions, although sufficient to excite suspicion, or to

produce an impression in favor of the truth of the facts they indicate, do not, when taken singly, either constitute proof, or shift the burden of proof." And gives the following illustration, with others: "Thus the fact of stolen property being found in the possession of the supposed criminal a long time after the theft, though well calculated to excite suspicion against him, is, when standing alone, insufficient even to put him on his defense." 2 Best Ev. sec. 319. In section 321 of the same volume is found the following: "Strong presumptions of fact, on the contrary, shift the burden of proof, even though the evidence to rebut them involves the proof of a negative. The evidentiary fact giving rise to such a presumption is said to be *prima facie* evidence of the principal fact of which it is evidentiary. Thus possession is *prima facie* evidence of property, and the recent possession of stolen goods is sufficient to call on the accused to show how he came by them, and, in the event of his not doing so satisfactorily, to justify the conclusion that he is the thief who stole them."

Writers upon the law of evidence recognize the following classes of presumptions: (1) Conclusive presumptions of law; (2) disputable or *prima facie* presumptions of law; (3) strong presumptions of fact; (4) slight presumptions of fact.

Defendant's counsel take the position that the presumption of cohabitation from the existence of a legal marriage, and the presumption, from a lawful marriage and from habitual visits, that the visits are made in the character of husband, (though the circumstance exists that he is living with a plural wife,) are presumptions of fact, and that the court erred, therefore, in charging the jury with respect to them. When the presumption from a fact is slight and unimportant standing alone, or when such presumptions are numerous and conflicting, or the concurrence of a large number of them is necessary to shift the burden of proof—to overcome the presumption of innocence in a criminal case—the court ought not to separate any one of them, or any portion of them, and thereby attach to them undue weight, but should leave the jury to

consider all the presumptions and evidence in the case together.

The statutes of Utah provide that the court, in charging the jury, "may state the testimony and declare the law," and inform them that they are the sole judges of the credibility of the witnesses, and of the weight of the evidence, and of the facts. Laws Utah, 1884, sec. 30, p. 125. The term "testimony," as here used, is equivalent to the term "evidence." A presumption, though slight, if relevant, is a species of evidence, and may be stated by the court in the charge in accordance with the provisions of the statute. But we do not regard the presumption of cohabitation from a lawful marriage, or the presumption, from habitual visits to a lawful wife, that the husband makes them in his character as husband, though he may be living with a polygamous wife, as slight presumptions of fact. The relation of legal marriage authorizes a strong inference of cohabitation, because that holy union without it is a sham—a mere semblance. Without matrimonial association the institution of marriage, upon which the happiness and welfare of society so largely depends, is shorn of its power to promote chastity and to exalt virtue. Its absence from the matrimonial union deprives the family, which rests upon it, of its efficacy, and infancy and manhood and declining age of the domestic home—that fountain of the purest affections, from which flow the best inspirations that elevate and exalt humanity. There is a strong presumption that a man will discharge so high an obligation. The obligations of marriage the court cannot regard lightly, and as of but little weight. Married people almost uniformly discharge the duty of cohabitation unless a disagreement occurs, such as the evidence in this case does not show. We are of the opinion that a lawful marriage, under the circumstances shown by the evidence in this case, raises a *prima facie* presumption of matrimonial cohabitation.

As to the other presumption, that a man who habitually visits his lawful wife does so in the character of husband, we are disposed to hold that he should not be permitted, under such circumstances, to say that the visits were

made in the character of a paramour, a stranger, or simply as a friend, or in any character than as husband.

Other errors were assigned, but we do not think it necessary to mention them specifically. We find no error in this record. The judgment of the lower court is affirmed.

BOREMAN, J., and HENDERSON, J., concurred.