UNITED STATES, RESPONDENT, *v.* JAMES SMITH, APPELLANT.

CRIMINAL LAW—UNLAWFUL COHABITATION—EVIDENCE—CONFESSION.—On trial of defendant under an indictment for unlawful cohabitation, where the evidence showed that defendant had married the two women named in the indictment, that one of the women was his lawful wife, and that he had never been divorced from her, and that at the time of the alleged confession he was living with the other woman, who was his polygamous wife, a statement of defendant, that he would never give it up, 'that the law against it was unconstitutional, and that he had as much right to decide upon it as the supreme court was admissible.

ID.—ID.—INSTRUCTION AS TO PURPOSE OF LAW.—An instruction that the law aims at the unlawful example or the appearance, as well as the actual continuance, of the polygamous relation correctly states the law.

ID.—ID.—INSTRUCTION AS TO PRESUMPTION OF COHABITATION.—An instruction that it is presumed that a man lives and cohabits with his lawful wife, but that this presumption is a disputable one and may be rebutted, and that the presumption of cohabitation is stronger in the case of a lawful marriage, than in the case of an unlawful marriage, correctly states the law.

ID.—ID.—EVIDENCE.—Proof of conduct of defendant towards the women prior to the time laid in the indictment is admissible, as tending to characterize the relation of defendant toward the women named in the indictment during the time laid.

ID.—ID.—SUFFICIENCY OF EVIDENCE.—Evidence that defendant cohabited with the polygamous wife as a husband, and that he had been in the house of his lawful wife and frequently around her house and yard and had stated that he would not give it up, but that he intended to live with his wives, is sufficient to convict for unlawful cohabitation.

APPEAL from a judgment of the district court of the first district and from an order refusing a new trial.

*Mr. S. R. Thurman* (with whom was *Mr. A. G. Suther-land* on the brief), for respondent.

The court should not have admitted the testimony objected to. It was a mere opinion expressed in earnest political discussion, and was simply an exercise of the right of free speech. But its admission in evidence was calculated to prejudice defendant with the jury.

The court should not instruct upon matters of fact, and this includes the ascertaining of the existence of a fact, the presumption of one fact from another and their weight and sufficiency in every respect. In these respects the jury should be left entirely free and uncontrolled by any rule of law or direction of the court: *People* v. *Y. Barra,* 17 Cal., 170-173; *McNiel* v. *Barney,* 51 Cal., 603; *People* v. *Walden,* 51 Cal., 588; *Stone* v. *L. M. Co.,* 52 Cal., 315; *U. S.* v. *Snow,* 9 West Coast Reporter, 541; *People* v. *Carrillo,* 54 Cal., 63; *Harrison* v. *State,* 8 Tex. App., 183; 1 Crim. Law Mag., note 32, 827; *Babbe* v. *State,* 8 Tex. App., 173; *Hodde* v. *State,* 8 Tex. App., 382; 2 Crim. Law Mag., note 43, 443; 4 Texas Law Journal, 412; *Lunsford* v. *State,* 9 Tex. App., 217; 2 Crim. Law Mag., note 43, 842; *State* v. *Wheeler,* 79 Mo., 376; 6 Crim. Law Mag., note 32, 452; *People* v. *Wong A. Gnow,* 54 Cal., 151; *State of Nevada* v. *Henderson,* 3 and 4 Nevada, 729; *Bell* v. *Cunningham,* 3 Peters, U. S. Reports, 69; 1 Greenleaf Ev., 48; *Justice* v. *Lang et al.,* 42 N. Y., 323.

*Mr. George S. Peters,* for the respondent.

ZANE, C. J.:

The defendant was tried in the first district court on an indictment charging him with unlawful cohabitation with Sarah Jane Smith and Christina Smith within two years next preceding the first day of January, 1887. From an order of the court denying his motion for a new trial, and from a judgment of conviction, he has appealed to this court.

On the trial, counsel for the government asked its witness if within two years before the first day of January,

1887, he had heard the defendant say anything about polygamy or unlawful cohabitation, and the witness answered that defendant said "we" or "they" (uncertain which) "would never give it up; that the law against it was unconstitutional; and that he had just as good a right to decide on it as the supreme court." This answer defendant's counsel moved the court to exclude from the jury; but the court overruled the motion, and an exception was taken. That ruling is assigned as error.

Conversations with the accused, if they contain voluntary admissions or confessions tending to prove his guilt, are admissible against him. The evidence showed that defendant had married the two women named in the indictment; that Sarah was his lawful wife, and that he had never been divorced from her; that, at the time of the conversation, he was living with the polygamous wife. When, therefore, he said that we or they would never give up polygamy, he must have referred to the class of persons to which he belonged. The assertion by him that it was lawful and right, and of a determination not to give it up, was, in our judgment, material evidence; and, with the other evidence in the case, was proper to be considered by the jury. The ruling of the court denying the motion to exclude was not error.

The defendant also excepted to certain parts of the charge of the court to the jury, and assigns the giving thereof as error. *First,* to so much as stated that the law aims at the unlawful example or the appearance, as well as the actual continuance, of the polygamous relation, without reference to what actually occurs with the plural wives. In this the court said to the jury, in effect, that actual sexual connection was not essential to guilt; that the law punished conduct between the accused and his two wives which presented the appearance and semblance of polygamous living—that exhibition to the world of polygamous example. In this we find no error. The supreme court of the United States so held in the case of *Cannon* v. *U. S.,* 116 U. S., 55. And in this court in numerous decisions, among which are the cases of *U. S.* v. *Snow,* 4 Utah, 280.

In its charge the court also said that there was a pre-

sumption that a man does live and cohabit with his lawful wife, but that it was not conclusive; that it might be rebutted; that it was a matter of evidence; and that the jury should give it such weight as they might think it ought to have. The giving is also assigned for error. We are of the opinion that this alleged error is not well assigned. We so held in the case of *U. S.* v. *Clark*, ante p. 226.

The court also stated in its charge that, "in proving cohabitation under the statute, it is not necessary to show the same facts as to cohabitation with the legal wife as with the plural, because the law presumes that a man does what it is his legal duty to do." The court in substance said that a lawful marriage afforded a stronger inference of cohabitation than an unlawful one; that these presumptions being different, the other evidentiary facts might differ; that additional evidence would be necessary to show cohabitation with the plural wife, if rebutting evidence should be offered, in case of a conflict in the evidence. This conclusion appears to be axiomatic.

The defendant also excepted to and assigns as error the giving of the following portion of the charge: "Therefore the presumption is, if you find that he was living with this woman [meaning Sarah] at the time he entered into the plural marriage relation, that he was legally married to her, and continued such marriage relation with her; this presumption is more or less strong according to circumstances, and may be given such weight as in your judgment you may think it ought to have." In this the jury are informed that if they found the defendant was living with Sarah at the time he entered into the plural marriage relation, that the presumption was that he was legally married to her, and continued such marriage relation with her; that the presumption was more or less strong according to circumstances; and that the jury might give it such weight as they believed it entitled to. The evidence established that the marriage to Sarah was first; that it was legal; and that there had been no divorce. Therefore the jury were compelled to find from the testimony that the marriage to Sarah was lawful, and that the marriage rela-

tion with her continued. The marriage relation was necessarily continuing until dissolved by death or according to law. The legal marriage to Sarah and the continuance of that relation were established beyond all question by the evidence, without the aid of the presumption stated by the court. The defendant could not have been injured by this portion of the charge.

Appellant also complains of the statement in the charge that the defendant could not be convicted of cohabitation before the time mentioned in the indictment, but such conduct could be considered by the jury in determining the relation he bore to them during that time. We are of the opinion that it was proper for the jury to consider appellant's conduct towards the women during the time covered by the indictment in the light of his previous relations to and conduct towards them. This court has so held in several cases, among which is the case of *U. S.* v. *Musser*, 4 Utah, 153.

Appellant's counsel urge a further assignment of error that the evidence was insufficient to justify the verdict of the jury. The evidence established cohabitation with the plural wife during the period mentioned in the indictment. The contention was as to cohabitation with his lawful wife, Sarah. The evidence showed that defendant married her about 33 years ago, and Christina about 3 years later; that, for a period of 12 years thereafter, he lived in the same house with both women, and since then they have lived in separate houses, about one mile apart; and while so living, until about 7 years ago, defendant made his home alternately with each, and since then he has made his home with his polygamous wife. While there is no direct evidence that he has been in Sarah's house more than once during the last two years (and that was on a funeral occasion), there is abundant evidence that he has been seen during the time in the house-yard, at the well, and at the door of the house in which she lived. It also appears that defendant had a blacksmith shop, between 30 and 50 feet from Sarah's house. Dominicus Carter, a witness, stated that he heard the defendant say, about one year before the trial, that he intended to live with his wives, and he did

not care who knew it. The witness Redfield said that he heard defendant say that we or they never would give up polygamy; that the law prohibiting it was unconstitutional; and that he had as good a right to construe the constitution as the supreme court. The lawful marriage of itself affords a strong presumption of cohabitation; and when to this is added the statement of defendant that he would live with his wives regardless of who knew it, and the expressed determination not to give up polygamy, and the fact that he was seen on numerous occasions around Sarah's house, and at her door, we are of the opinion that the evidence was sufficient to show cohabitation as to her.

We find no error in overruling defendant's motion for a new trial, or in the judgment of conviction. The judgment of the court below is affirmed.

BOREMAN, J., and HENDERSON, J., concurred.