## SUPREME COURT—APP. DIV.—FOURTH DEPT.,

### December 6, 1911.

## THE PEOPLE v. GEORGE H. DAUCHY.

### (148 App. Div. 366.)

BIGAMY—REMARRIAGE AFTER ABSENCE OF WIFE FOR FIVE YEARS—BELIEF OF DEATH.

As under section 341 of the Penal Law a person is not guilty of bigamy by remarrying if his former wife has been absent for five years successively without being known to him within that time to be living, and if believed by him to be dead, a person whose former wife has been continuously absent for five years cannot be held as matter of law to have known that his wife was living within that time merely because in the evidence produced to show that he believed her to be dead it appears that a person told him she died within three years of his second marriage. The question whether he believed she was dead is one of fact for the jury.

McLENNAN, P. J., dissented.

APPEAL by the defendant, George H. Dauchy, from a judgment of the County Court of Monroe county, rendered against the defendant on the 18th day of June, 1909, convicting him of the crime of bigamy, and also from an order denying the defendant's motion for a new trial.

*Hugh J. Maguire,* for the appellant.

*John W. Barrett,* District Attorney, for the respondent.

KRUSE, J.:

The defendant was convicted of the crime of bigamy. He was properly convicted unless his case falls within the first exception contained in section 341 of the Penal Law (formerly section 299 of the Penal Code), since it appears that at the

time of the second marriage he had a wife living, and that constitutes the crime of bigamy according to the general definition contained in section 340 of the Penal Law (formerly section 298 of the Penal Code). But that section does not extend: " 1. To a person whose former husband or wife has been absent for five years successively then last past, without being known to him or her within that time to be living, and believed by him or her to be dead." ·(Penal Law, § 341, subd. 1; Penal Code, § 299, subd. 1.)

The defendant was first married November 18, 1884. He was married the second time August 5, 1902, upon which marriage the conviction is founded. The undisputed evidence shows that at the time of the second marriage the wife of his first marriage had been absent for five years successively. For the purpose of showing that the defendant believed her to be dead at the time of the second marriage, he testified that certain persons informed him that they had heard reports to that effect. But it further appeared that he had been told by at least one of the persons that she died in June or July, 1899, about three years before the second marriage; and according to that information his wife was alive up till about June or July, 1899. And so it is argued that he must have known at the time of his second marriage that she was alive within the five-year period. That may do as a matter of argument, but the difficulty is that the trial judge held as a matter of law and so charged the jury, that the defendant could not take advantage of the exception with reference to absence because he knew that his wife was living within that time.

I think it cannot be held as a matter of law that the defendant knew that his wife was alive within the five-year period. The persons who gave the information to the defendant of the death of his wife and the time when she died simply reported what they had heard. These reports did not conclusively prove that the defendant knew that his wife was alive before the

time of her reported death any more than they established the fact that he knew that she died in June or July, 1899, although sufficient to show that he may have believed that she was alive within the five-year period. But that does not put his case beyond the five-year exception. For if his wife was absent for five years immediately preceding his second marriage without his knowing that she was alive within that period of time, and he believed at the time of the second marriage that she was dead, he is within the exception. Hearing that she was dead accentuated the presumption of her death arising from her five years' absence, and fortifies his claim that he believed her to be dead at the time of his second marriage. While I think the information which he had in connection with the other circumstances was sufficient to make that a question of fact for the jury, as well as whether he believed at the time of his second marriage that the wife of his first marriage was dead, I think it should not be held as a matter of law that he had such knowledge as to place him outside of the five-year absence exception.

I think the judgment and order must be reversed and a new trial ordered.

All concurred, except McLennan, P. J., who dissented.

Judgment and order reversed and new trial granted.

## NOTE ON BIGAMY.

DEFINITIONS.

The wilfully and knowingly contracting a second marriage when the contracting party knows that the first marriage is still subsisting. Black Law Dictionary.

The state of a man who has two wives, or of a woman who has two husbands, living at the same time. Bouvier Law Dictionary.

GENERALLY.

The constitutional provision against the making of laws respecting religion, is not violated by the Federal Statute defining and providing for the punishment of bigamy. Reynolds v. U. S., 98 U. S. 145.

A territorial law punishing bigamy is not unconstitutional because the person committing it might be punishable also under the laws of the United States. In re Murphy, 5 Wyo. 297.

To constitute the offense there must have been a prior valid marriage. Hayes v. People, 25 N. Y. 390.

The fact that a valid marriage subsisted at the time the first marriage alleged in the indictment was entered into is a good defense, because the marriage alleged in the indictment is in such case void. People v. Corbett, 49 App. Div. 514.

Knowledge on the part of the defendant that the other party to the prior marriage was living at the time of the second marriage, is essential. People v. Meyer, 8 St. Rep. 256.

A marriage in fact must be proved; reputation and conhabitation are not alone sufficient. Hayes v. People, 25 N. Y. 392.

Where the second and third marriages are the only marriages alleged, and the second is void, it is no marriage, and did not make the third bigamous. People v. Corbett, 49 App. Div. 514.

A marriage celebrated according to the forms of a religious denomination, embraces the requisite consent of the parties. Fleming v. People, 27 N. Y. 330.

The provisions of a decree of divorce granted in this state forbidding the defendant to marry again during the life of the plaintiff are penal, and have no force and effect outside of the state, and a subsequent marriage of defendant in another state is valid. Van Voorhis v. Brintnall, 86 N. Y. 18.

A statute of another state providing that where a person having a wife living marries again the second marriage is void, renders the second marriage void as if the ceremony had not taken place if the second marriage is performed in that state. People v. Chase, 28 Hun, 310.

Where a person marries a second time, whose husband or wife has been continually absent for five years immediately preceding the second marriage, and not known by such person to be living within that time, he is not guilty of bigamy. Price v. Price, 124 N. Y. 594.

2

Subdivision 2 of section 341, Penal Law, does not limit section 340 Penal Law, so that it does not apply to a person whose former marriage has been dissolved because of his or her adultery, and if the guilty party marries he is guilty of bigamy unless he conforms with subdivision 3 of section 341, Penal Law.   People v. Petrea, 92 N. Y. 128.

### VALIDITY OF FORMER MARRIAGE.

Determined by the laws of the state or country where it took place. Hayes v. People, 25 N. Y. 390.

A common-law marriage held sufficient.   Dale v. State, 88 Ga. 552.

A marriage solemnized by an unauthorized person held sufficient provided such marriage was made in good faith and consummated.   Robinson v. Commonwealth, 6. Bush Ky. 309.

A marriage under the age of consent is sufficient.   Coleman's Case, 6 City Hall Records, 3.

Where. a marriage has been judicially annulled because contracted under the age of statutory consent, this is not sufficient on which to predicate a subsequent charge of bigamy for contracting a second marriage.   Beggs v. State, 55 Ala. 108.

A marriage without a license is sufficient.   State v. Robbins, 28 N. C. 23.

If the prior marriage is valid under the laws of the state or country where it was celebrated, the question of its validity in the state or country where the second marriage took place is immaterial.   People v. Chase, 28 Hun, 310.

The fact that the prior marriage took place in a foreign state or country is not material.   Commonwealth v. Johnson, 10 Allen (Mass.) 196.

### VALIDITY OF THE SECOND MARRIAGE.

The second marriage is always void.   People v. Brown, 34 Mich. 339.

It being argued that if the second marriage took place between parties who, if single, would be incapable of contracting marriage, defendant could not be said to have been married the second time at all, the court said that it could not understand of what importance it could be that there are two elements of illegality in the case instead of one, or why the party should be relieved of the consequences of violating one statute because the act of so doing was a violation of another also.   People v. Brown, 34 Mich. 339.

The place where the second marriage was performed is material, since by the common law the place only in which the criminal marriage was solemnized has jurisdiction. People v. Mosher, 2 Park. Crim. 195.

Cohabitation under the second marriage is not requisite, but the offense of bigamy is created when the second marriage is completed. State v. Smiley, 98 Mo. 605.

## INTENT.

A criminal intent is not essential. State v. Armington, 25 Minn. 29.

No intent is involved, except the intent to do, the thing forbidden to be done by the statute. State v. Zichfield, 23 Nev. 304.

No other intent is necessary save that which must be inferred from the fact of a party contracting a second marriage with the knowledge that the first spouse is still living, and with no reasonable belief in his or her death. Dotson v. State, 62 Ala. 141.

## DEFENSES.

It is no defense to an indictment for bigamy, that the defendant and his first wife, prior to the second marriage, entered into and signed a sealed agreement in the State of Connecticut, providing that if either party should apply for a divorce, the other would not oppose the application, and that the justice before whom it was executed advised defendant that the agreement was in legal effect a divorce, and upon the trial of such an indictment evidence of such facts is inadmissible. People v. Weed, 1 N. Y. Crim. 349.

Ignorance of the law is not a defense. Van Pelt's Case, 1 City Hall Records, 137.

The defendant for a defense cannot set up a divorce obtained by his former wife in another state where he was not personally served with a summons, nor voluntarily appeared. People v. Baker, 76 N. Y. 78.

Actual death or absence beyond seas of the former spouse, unheard of for a statutory period varying in different jurisdictions, prior to the entering into the second marriage, is a good defense. Van Pelt's Case, 1 City Hall Rec. 137.

Belief in the existence of the first spouse deprives the defendant of the benefit of the absence for the statutory period, if the second marriage is contracted while the first spouse is in fact alive. People v. Mayer, 8 St. Rep. 256.

Whether an honest and reasonable belief in the death of the prior spouse is a defense is unsettled. Commonwealth v. Hayden, 163 Mass. 453; State v. Stank, 9 Ohio Dec. (reprint) 8.

A valid and absolute divorce from the first spouse prior to the second marriage is a good defense. People v. Faber, 92 N. Y. 146.

But an honest and reasonable belief that a divorce had been granted is not, as a general rule, a defense. State v. Sherwood, 68 Vt. 414.

Under decrees prohibiting remarriage after divorce it has been held that the party remarrying in contravention of the decree, is guilty of bigamy. People v. Faber, 92 N. Y. 146.

Where a party forbidden to marry by a decree of divorce goes from a state with intent to avoid its laws in remarrying and thereafter returns thereto, he is guilty of bigamy. Commonwealth v. Lane, 113 Mass. 458.

Where a voidable marriage was avoided prior to the alleged bigamous marriage, such action is a good defense. Walls v. State, 32 Ark. 565.

Separation by mutual consent of the parties to the first marriage not a defense. McConico v. State, 49 Ala. 6.

The fact that after entering into articles of separation from the first spouse, the defendant, in remarrying, had legal advice that he was free to marry again, is not a defense. People v. Weed, 29 Hun, 628, 1 N. Y. Crim. 349.

## WHO MAY MAKE COMPLAINT.

No complaint may be made for bigamy by the former husband or wife, where the statutes do not regard them as competent witnesses against one another. People v. Quandstrom, 93 Mich. 254.

By pleading not guilty to a complaint made by the first spouse the defendant waives the objection. People v. Turner, 116 Mich. 390.

## INDICTMENT.

Where the offense is charged substantially in the language of the statute, the fact that in the same court cohabitation is charged as following a polygamous marriage will not render the indictment bad. U. S. v. Tenney, 8 Pac. (Ariz.) 295.

It is sufficient to use the word "'cohabit" as used in the statute, without defining its meaning. U. S. v. Cozzens, 2 Idaho, 452.

The word "bigamy" is so universally understood that a description of the offense in a statute providing for the punishment of bigamy would not express more than the word itself. State v. Hayes, 105 La. 352.

It is not necessary to negative any exceptions, unless such exception is part of the description of the offense and in the enacting clause, or incorporated with it by words of reference. Fleming v. People, 27 N. Y. 329.

The indictment may be amended to show the county in which the offense took place. People v. Perriman, 72 Mich. 184.

The venue should be laid in the county where the second marriage was solemnized. People v. Mosher, 2 Park. Crim. 195.

Under the statute providing that one charged with bigamy may be tried in any county where he is apprehended, the venue cannot be laid in a county where the unlawful marriage did not take place, or where he is not apprehended. Collins v. People, 1 Hun, 610.

Where defendant is indicted in the county of his apprehension, the omission of an averment to that effect is not cured by a statement of the jurisdictional fact in the caption of the indictment or in the record of the conviction. Houser v. People, 46 Barb. 43.

The indictment should sufficiently allege that there was a prior marriage. Sauser v. People, 8 Hun, 302.

The first marriage was sufficiently averred where it was alleged that defendant wilfully, unlawfully and feloniously, being a married man, did marry a named person during the life of his first wife, then and there well knowing that the first wife was then living, and he not having been at the time of his second marriage lawfully divorced from his first wife. State v. Davis, 109 N. C. 780.

It need not be alleged that the first marriage was lawful where it is alleged as a fact, such an averment implying that the marriage was lawful. State v. Hughes, 58 Iowa, 165.

Where the accused had at the time of the second marriage a wife living it is immaterial at what date the first marriage is alleged to have occurred. Faustre v. Commonwealth, 92 Ky. 34.

Where time and place of the marriage are set out the proof must correspond. Keneval v. State, 64 S. W. (Tenn.) 897.

There is no variance if the marriage took place within the state where the indictment is found, even if the allegation as to place is incorrect. People v. Calder, 30 Mich. 85.

It is not erroneous to amend an information when the case is called to trial, but before trial, by changing the name of the county in another state in which the prior marriage is averred to have taken place, even if no application for a continuance is made. People v. Perriman, 72 Mich. 84.

No variance where the indictment charges a marriage to Mary I., and the proof shows a marriage to Mary. Tucker v. People, 122 Ill. 583.

There is no variance in any case where the person intended to be named as the first spouse can be identified. Commonwealth v. Caponi, 155 Mass. 534.

A variance as to description may be cured, where defendant admits marriage to a person other than, and prior to, the one named in the indictment. State v. Clark, 54 N. H. 456.

Where the name of the first spouse is omitted but the fact that the name is unknown to the grand jury is averred, evidence of the true name may be given on the trial, but the indictment is sufficient. Nelms v. State, 84 Ga. 466.

The indictment may be altered,, before it is returned by the grand jury, to show the name of the lawful wife. State v. Hughes, 58 Iowa 165.

It is necessary to positively state that the first husband or wife was alive at the time of the second marriage. Commonwealth v. McGrath, 140 Mass. 296.

Where the maiden name of the second wife and the name of a former husband from whom she had been divorced are used by her indifferently it is sufficient to allege the latter name. Robinson v. Commonwealth, 88 Ky. 386.

Where the second wife was described as widow, but she was in fact a single woman, there was a fatal variance, even though such description was unnecessary. Rex v. Deeley, 4 C. & P. 570.

An actual arrest, before indictment found, gives jurisdiction; an escape does not take it away; nor would a discharge on bail destroy jurisdiction once acquired. Kling v. People, 5 Hun, 297.

## COMPETENCY OF WITNESSES.

The true spouse cannot be a witness for the defendant. Williams v. State, 67 Ga. 260.

Nor, against him, unless the defendant consents thereto. State v. Ulrich, 110 Mo. 350.

The true spouse may contradict statements made by defendant to the effect that such spouse stated to him or her that she or he was married at the time of the marriage to defendant. State v. Ryan, 1 Pennew. (Del.) 81.

By statute the lawful spouse may, in some jurisdictions, testify against defendant. Commonwealth v. Lee, 143 Mass. 100.

The testimony may be compelled under a statute permitting the lawful spouse to testify against her husband in cases where the one has committed a crime against the other. Dumas v. State, 14 Tex. App. 464.

## PRESUMPTIONS.

Where two successive marriages are charged to have taken place the presumption in favor of the legality of each is equal. Lowery v. People, 102 Ill. 466.

The fact that a man and woman have lived together for a long time, pass and introduce each other and lives together as man and wife, and say that they are married, may raise a presumption that the parties were in fact married, but such presumption is one of fact and not of law. State v. Cooper, 103 Mo. 266.

The laws of the state where the marriage was solemnized will not be presumed to be the same as the laws of the state in which the trial takes place. People v. Chase, 28 Hun, 310.

Presumption of marriage from cohabitation does not obtain in criminal law. Green v. State, 21 Fla. 403.

Under a foreign law providing that to constitute a valid legal marriage it must be entered into as a civil contract before a civil magistrate, there is no presumption of a civil ceremony from evidence showing that after a civil marriage the parties commonly had a religious marriage ceremony in addition, but that the celebration of the religious marriage, without the civil marriage first having been performed was prohibited, and from evidence that defendant was married by a religious ceremony. Weinberg v. State, 25 Wis. 370.

Presumption of validity of a marriage under the laws where consummated is overcome by proof that the marriage was not under those laws. Canale v. People, 177 Ill. 219.

Where a marriage relation has once commenced it is presumed to be continuous. Whalen v. State, 12 Ohio Cir. Ct. 584.

A lawful marriage followed by birth of children raises a prima facie presumption of matrimonial cohabitation.   U. S. v. Clark, 5 Utah, 226.

There is a presumption that a man lives and cohabits with his lawful wife.   U. S. v. Smith, 5 Utah 222.

For cases on presumption of death, see Czech v. Bean, 35 Misc. 733. Karstens v. Karstens, 29 App. Div. 235, Fordham v. Gouverneur Village, 9 App. Div. 565.

EVIDENCE.

Where a certified copy of the first marriage license is not available a public acknowledgment by defendant is admissible as evidence of the first marriage, and such acknowledgment may be by confession or by conduct in the presence of others, and need not be made before a court or public tribunal.   Crane v. State, 94 Tenn. 86.

Under the Edmunds Act evidence that a woman to whom defendant had been legally married lives near him, bears his name, and is visited and partly supported by him is admissible to show cohabitation.   U. S. v. Harris, 5 Utah, 436.

Evidence of inquiry by the defendant at the time of the second marriage to ascertain whether or not the former spouse was dead, and evidence of the receipt of a letter showing that such spouse was dead, is irrelevant and should be excluded.   Rand v. State, 29 So. (Ala.) 844.

Where it was proved that defendant married two women named in the indictment, the first of whom was a lawful wife and not divorced from the defendant, and that defendant lived with the polygamous wife, the prosecution was allowed to show language of defendant tending to prove his intention not to give up polygamy.   U. S. v. Smith, 5 Utah 232.

Where defendant came from a foreign country, evidence is admissible of the general reputation in such country as to the fact of a marriage there.   Commonwealth v. Johnson, 10 Allen (Mass.) 196.

Testimony tending to show that the defendant and the woman alleged to be his first wife were generally reputed to be husband and wife in the community where they lived, held admissible.   People v. Hartman, 130 Cal. 487.

The fact of a marriage cannot be proved by mere reputation, but reputation may be proved in connection with other facts, and therefore evidence of reputation is admissible.   Patterson v. State, 17 Tex. App. 102.

Evidence of general repute of the guilt of defendant in the place where he resides is not admissible to establish that guilt, but the facts themselves must be shown. U. S. v. Langford, 2 Idaho, 519.

Where an appeal is pending and the defense is that the first marriage was illegal, a decree of divorce made in a suit for divorce by the first spouse against accused is not admissible. People v. Beevers, 99 Cal. 286.

A certificate of marriage is admissible in evidence, if properly authenticated under statutory requirements. People v. Crawford, 62 Hun, 160. affirmed, 133 N. Y. 535.

The testimony of an eye-witness present at the marriage is sufficient to prove the marriage. People v. Whigham, 1 Wheeler Crim. 152.

ADMISSIONS.

Defendant's admissions are not sufficient. People v. Edwards, 25 Supp. 430.

Evidence of admissions, declarations, conduct and reputation is as a general rule, admissible to show either the first or the second marriage. People v. Wentworth, 4 N. Y. Crim. 207.

BURDEN OF PROOF.

The burden of proof is on the prosecution to prove a valid first marriage contracted by the defendant. Steer's Case, 2 City Hall Records, 111.

The burden of proof rests upon defendant in all cases where he depends upon the statutory exceptions to make out his defense. Fleming v. People, 5 Park. Crim. 353.

PUNISHMENT OF CONSORT.

The people must not only show that the defendant knew that the other party to the illegal marriage had a living wife; but must show positively that the other party did have a living wife. Sauser v. People, 8 Hun, 302.

See generally Hollister v. Valentine, 69 App. Div. 588; Blake v. Everman, 56 Hun, 454.