## CLARK *v.* OWENS.

A lease offered in evidence as an ancient deed, corresponded with one admitted by the pleadings to have been executed more than thirty years previously by George and Edward as lessors, except that it was executed by George only: *Held*, upon proof that the defendant had for four years paid rent at the days appointed by the lease, and the paper had twice been exhibited to him by the landlord's agent, when the defendant inquired respecting its terms, that the lease was admissible without further proof of its execution or authenticity.

Though George and Edward are mentioned in the lease, which contained mutual covenants, as parties of the first part, this does not constitute an admission, as against a party claiming under George, that Edward was a joint owner of the demised premises nor require his joinder as co-plaintiff.

The lease was for the longest of three lives. If the lessor, after reasonable search and inquiry, could not find any of the lives named to continue in

existence, he was to reënter after a year's notice thereof, unless the tenant should within that period produce evidence of the continuance of the life before a judge of the Court of Common Pleas : *Held,*

1. A question of fact, whether under the circumstances, reasonable search and inquiry was made by the lessor.
2. That reputation among the family and relatives of a person on whose life the term depended was admissible to prove his death.
3. That the abolition of the Court of Common Pleas did not relieve the tenant from the obligation to produce evidence in some mode to repel the presumption of death.

APPEAL from the Supreme Court.   Action to recover possession of land in Oneida county.   The answer set up a lease of the premises,  " executed February 3, 1791, by George and Edward Clark, under whom only said plaintiff claims,  to Mathias Houcke for  the period of thirty-one years certain, and further for and during the term and period of the natural life of the lessee, of John Lake and Henry Houcke, and for and during the natural life of the longest liver of them, which said lease is still subsisting, and the term aforesaid thereof still unexpired, which lease, subsequently and  before the commencement of this suit,  was duly assigned to and belongs to the defendant."

The reply admitted the execution of the lease described in the answer, but averred that the term thereby created had long since expired.   The trial was at the Oneida circuit, in March, 1854, before Mr. Justice PRATT.   The plaintiff offered in evidence a paper, purporting to be a lease of the premises in question, executed February 3, 1791, by George Clark to Mathias Houcke, for the lives mentioned in the answer, " so always as that the said term shall not endure less than thirty-one years."   The introductory part of the lease described George Clark and Edward Clark as the lessors, but it was executed only by George Clark.   The defendant objected to reading the paper in evidence on the ground that its execution was not proved, and it was excluded.   A witness was then sworn, who testified that he had been for several years agent of the plaintiff; that the defendant had

for four years paid him rent under the lease, at the times when it was due by the terms of the paper offered in evidence; that he had, on two occasions, exhibited the paper to the defendant, when the latter came to inquire in respect to the lives on which his term depended. It was also proved that the plaintiff was the son of the lessor, George Clark, and the devisee of the premises described in the lease. The judge then permitted the paper to be read in evidence without further proof of its execution, and the defendant took an exception.

It was a provision of the lease that if the lessees, Mathias Houcke, Henry Houcke and John Lake, or any one of them, could not be found after reasonable search and inquiry, then, after the expiration of a year from notice, in writing, to be given by the lessor to the tenant, that such search had been made without effect, it should be lawful for the lessor, his heirs, &c., to reënter, " unless one of the said persons shall be produced before one of the judges of the Court of Common Pleas of any county in the State of New York, or proof made by the affidavit of two or more creditable witnesses, before any of the said judges, that one of the said persons is in full life, and unless the said parties of the first part, their heirs or assigns, shall receive a certificate of such production or proof, and a note of the place of residence of such person, before the expiration of the said year, signed by the said judge."

The plaintiff proved the death of Mathias Houcke and Henry Houcke, more than ten years previous to the trial, and gave evidence tending to prove that John Lake, if living, would be eighty years old ; that he had not been heard from for fifty years ; that for over forty years he had been reputed, among his family and connections, to be dead. Part of this evidence was given under an exception, which is sufficiently stated in the following opinion. It was proved that the agent of the plaintiff had made inquiry for John Lake of two or three persons, one of them being the

defendant, who stated to the agent that he could not tell whether Lake was living or not. After this, the agent served the notice specified in the lease, that the plaintiff had made reasonable search and inquiry, could not ascertain thereby that either of the persons named in the lease were living, and calling upon the defendant to produce proof of the existence of one or more of the lives in the lease, agreeably to the covenants therein contained. No proof was produced, and after the expiration of a year from service of the notice, the plaintiff declined receiving any further rent. The further course of the trial, and the exceptions taken, are stated in the following opinion. The plaintiff had a verdict and judgment, which was affirmed at general term in the fifth district, and the defendant appealed to this court.

*Ward Hunt,* for the appellant

*Richard Cooper,* for the respondent.

SELDEN, J. The first question presented in this case is, whether the lease from George Clark to Mathias Houcke was properly admitted in evidence as an ancient deed without proof of its execution. It is conceded that proof of thirty years uninterrupted possession under a deed will entitle it to be read in evidence without its execution being otherwise established; but it is insisted, that there being no such proof in this case, the lease was improperly admitted. On looking into the cases, however, it will be seen that possession is by no means the only evidence by which the authenticity of a deed, purporting to be ancient, may be established.

In England, if the deed appears to have been in existence for thirty years, and during that time to have been in the proper custody, it is held to be admissible without further proof. In this state, however, something more has been generally required. There must be not only direct proof or

evidence warranting the inference that the deed has been in existence for thirty years, but something in addition, tending to establish the authenticity of the instrument. If possession has accompanied the deed for that length of time that is enough. If not, other circumstances may be resorted to for the purpose of raising the necessary presumption in favor of the deed.

The present case is relieved of much of the difficulty which would otherwise attend it upon this point, by the averment contained in the answer, and admitted in the reply, that a lease of the premises in question was actually executed by Clark to Houcke, at the time of the date of the instrument admitted. This reduces the whole question to one of identity merely; and in regard to that there seems to be no reason for serious doubt. It is true, the lease set up in the answer is averred to have been executed by both George and Edward Clark, while that produced was executed by George alone. But the doubt arising from this circumstance is more than counterbalanced by the testimony of Comstock, that he had not only received rent upon the lease given in evidence, from the defendant Owens, and frequently referred to it in conversations with him, but had shown him the lease itself, upon at least two occasions. This was certainly sufficient to throw upon the defendant the burden of showing that the lease produced was not the one referred to in the answer. The averment of the defendant that the lease was executed by Edward Clark as well as George, is accounted for by the fact that the names of both appear in the introductory part of the lease. It was very natural to infer that it had been executed by both.

But it is contended that, as the names of both George and Edward Clark are mentioned as parties of the first part, the lease, if properly admitted, is to be regarded as the lease of both and not of the plaintiff alone; and that the action should have been prosecuted in the names of both; or if not, that the insertion of the name of Edward amounts, at

least, to an admission that he was a joint owner of the premises, and that the plaintiff can recover in this suit only an undivided half part.

The argument in favor of the first branch of this proposition is, that it is sufficient for a party who relies upon an indenture to produce one part of it, duly executed by the other party; and that no proof is necessary of its execution by the party producing it. Hence, it is urged, that although that part of the lease produced at the trial, was executed by George Clark alone, yet it is to be presumed that the counterpart had been executed by both George and Edward. This position, however, is not sustained by authority, nor do I think it sound in principle. A deed *inter partes* containing mutual covenants, must appear to have been executed by both parties, or it is of no validity as to either; and proof of the execution and delivery of one part of the indenture by one of the parties, does not warrant the inference, even as against him, that the counterpart has been executed by the other party.

The alternative of the appellant's proposition, that the insertion of the name of Edward Clark in the lease amounts to an admission by the parties that he was a joint owner of the premises, is, I think, equally untenable. As the case stands, he appears never to have executed the lease; and the fact of its non-execution by him would seem to repel the idea that he was jointly interested.

The next objection raised by the appellant's counsel is, that no such reasonable search and inquiry was shown to have been made by the plaintiff as is required by the lease. What will amount to reasonable search in a case of this kind depends very much upon the circumstances of the particular case, and upon the apparent probability that a further search would be likely to result in any discovery.

It would, in most cases, be a question for the jury, and clearly was so in this case, provided any evidence was given which would warrant them in finding that the

requirements of the lease in this respect had been complied with. In estimating the force of the testimony of the witness Comstock on this subject, it should be taken into consideration, that the duration of this lease depended upon the lives of three persons, two of whom were positively shown to be dead; and the third, who if living must have been about eighty years old, had not been heard from for fifty years by a nephew who knew him in his youth, and who was sworn as a witness in the cause.

Mr. Comstock, the agent and attorney for the plaintiff, named several persons of whom he had made inquiries. One of these was the defendant himself, who, as the continuance of his estate depended upon these lives, might fairly be presumed to have preserved some traces of them. Another was a cousin of Lake (the last survivor of the three), who testified upon the trial that he had not seen his relative for fifty-five years. It can hardly be said that here was not evidence which the judge was warranted in submitting to the jury upon the question of reasonable search.

It is further objected that the judge erred in charging the jury, in absolute terms, that if reasonable search had been made, and due notice given under the lease to the tenant, the plaintiff was entitled to recover, without taking any notice of or calling the attention of the jury to the provision in regard to the production by the tenant of proof of the continued existence of the lives. As, however, there was no attempt on the part of the defendant to show that any steps whatever had ever been taken under that provision in the lease, the charge was correct, unless the appellant's counsel is right in his position, that the abolition of the office of judge of the Court of Common Pleas released the defendant from all obligation to produce any evidence, under that provision, of the continuance of the lives.

The substance of the provisions contained in the lease on the subject of the effect of search, &c., is that reasonable search and inquiry and notice to the tenant shall be pre-

sumptive evidence that the lives have ceased, but that the tenant may repel this presumption by producing evidence to the contrary. The lease prescribes that this evidence must be produced before a particular officer, and so long as no obstacle exists to a compliance with this provision, the tenant is bound to conform strictly to its terms. If, however, the office is abolished, a literal compliance in respect to the officer before whom the proof is to be adduced becomes no longer possible; and hence the tenant is absolved from so much of the obligation as required the proof to be thus produced. But the abolition of the office in no way affects the presumption arising from the unsuccessful search nor does it render it impossible for the tenant to furnish evidence to repel such presumption. The latter cannot complain that he is released from a stringent condition, and left free to produce the requisite evidence in some other mode equally or more convenient. There is no doubt that the tenant would have been sustained in any honest effort at a substantial compliance with this provision, in case the evidence adduced by him was such as is contemplated by the lease. He might have produced it before the county judge or before a justice of the Supreme Court; and if clear and conclusive evidence of the continuance of the lives was shown, the presumption in favor of the plaintiff would have been overthrown. He is benefited, therefore, by the abolition of the office of judge of the Common Pleas, and cannot avail himself of it to defeat an important provision of the lease.

A single question only remains. The plaintiff's counsel proposed upon the trial to show, by common report, that John Lake was dead. The objection taken to the offer was overruled, and this is insisted upon as error. It is unnecessary to pass upon the abstract question embraced in this proposition, which is broader than the evidence given under it. The offer was without restriction as to the sources of the evidence, but the testimony was confined to what was said in the family and among the relatives of Lake.

If the evidence actually given was admissible, it is immaterial whether the ruling beyond that was correct or not It is well settled that upon all questions of genealogy, and generally upon questions relating to births, marriages and deaths, in the absence of higher evidence, resort may be had to what is commonly said and understood to be true among the immediate relatives and family connections of the party to whom the inquiry relates. The evidence given here was solely of this character and was clearly admissible.

The judgment of the Supreme Court should be affirmed.

STRONG, J., expressed no opinion; all the other judges concurring,

Judgment affirmed.