HENRY KARSTENS, as Trustee under the last Will and Testament of GERHARD H. KARSTENS, Deceased, Appellant, *v.* CATHARINE KARSTENS and Others, Respondents.

| 29 | 229 |
| 66 | 493 |
| 68 | [1]883 |
| 29 | 229 |
| 40 Mis 551 | |

*Will — remainders, when vested.*

A testator devised his estate to trustees in trust to invest the same and pay over the net income thereof to his wife during her natural life, and further directed as follows: "Upon the decease of my said wife, to divide my said estate into three equal parts, and to pay over unto my sons, Herman Karstens and Henry Karstens, each one equal part or share thereof, to have and to hold the same unto them respectively, their and each of their heirs and assigns forever, and to invest and keep invested on bond and mortgage upon good and sufficient real estate, in the cities of New York or Brooklyn, one equal part or share thereof, and to keep the same so invested during the natural life of my sons, John Karstens and Albert Karstens, and to pay over and divide the interest and income thereof equally between my said sons, John Karstens and Albert Karstens, and in trust in the last place, upon the decease of them, and each of them, leaving issue him or them surviving, to pay over unto said issue the parent's part or share, and if more than one issue, then in equal proportions."

*Held,* that it was the intention of the testator to give an absolute present interest in his estate to each of his sons, Herman and Henry, subject to his wife's life interest;

That the trustees named in the will were to hold the estate for the benefit of the wife and children, to pay the income to the wife during her life, and upon her death to transfer two-thirds of the estate to Herman and Henry, and to hold the remaining one-third for the benefit of John and Albert, and, upon their deaths, to pay their share to their children, if they should leave any.

APPEAL by the plaintiff, Henry Karstens, as trustee under the last will and testament of Gerhard H. Karstens, deceased, from so much of a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York, upon the decision of the court rendered after a trial at the New York Special Term, construing the last will and testament of Gerhard H. Karstens, deceased, as provides:

" It is ordered, adjudged and decreed that, under the will of the said Gerhard H. Karstens, deceased, Henry Karstens, son of testator, became possessed of a vested remainder in and to one undivided third part of the real and personal estate of which the said Gerhard H. Karstens died seized, and with the right of possession and enjoyment thereof postponed until the death of Catharine Karstens, the widow, so that the said remainder was, in the lifetime of the said widow, assignable by him and capable of being disposed of by will, and upon the death of the said Catharine Karstens, the widow of the testator, the said interest and remainder became vested in possession in the said Henry Karstens.

" And it is further ordered, adjudged and decreed that, under the will of the said Gerhard H. Karstens, deceased, Herman Karstens, son of testator, became possessed of a vested remainder in and to one undivided third part of the real and personal estate of which the said Gerhard H. Karstens died seized, and with the right of posssession and enjoyment thereof postponed until the death of Catharine Karstens, the widow, so that, upon the death of the said Herman Karstens, in the lifetime of Catharine Karstens, the widow of testator, the one of the three shares into which the testator's estate was directed to be divided, and which was directed by the said will to be paid over by the trustee to the said Herman Karstens, passed under his will to his widow, the defendant Catharine Karstens, subject to the administration of his estate by the executors of the said will, the defendant Catharine Karstens and Jeremiah McDonald.

" And it is further ordered, adjudged and decreed that, under the said last will and testament of Gerhard H. Karstens, deceased, the bequest or devise of one-half of one-third of the whole estate of the testator, which, upon the death of the widow of testator, the testator, by the third article of his will, directed the trustees to

invest upon bond and mortgage upon good and sufficient real estate in the city of New York or Brooklyn, and to keep so invested during the natural life of his son Albert Karstens, to pay over the rents and profits thereof to the said Albert Karstens, and upon his death, leaving issue him surviving, to pay over to such issue the parent's share, and if more than one child, then in equal proportions, lapsed upon the death of the said Albert Karstens, in the lifetime of the testator's widow, without leaving issue him surviving, so that the estate or share which, upon the death of the said testator's widow, had the said Albert Karstens left issue him surviving, would have vested in such issue, passed as property undisposed of by will to the testator's heirs and next of kin who were living at the time of the death of the said testator.

" And it is further ordered, adjudged and decreed that, under the said last will and testament of Gerhard H. Karstens, deceased, the bequest or devise of one-half of one-third of the whole estate of the testator, which, upon the death of the widow of the testator, the testator, by the third article of the will, directed the trustees to invest upon bond and mortgage upon good and sufficient real estate in the city of New York or Brooklyn, and to keep so invested during the natural life of his son John Karstens, to pay over the rents and profits thereof to the said John Karstens, and upon his death, leaving issue him surviving, to pay over to such issue the parent's share, and if more than one child, then in equal proportions, lapsed upon the death of the said John Karstens, in the lifetime of the testator's widow, without leaving issue him surviving, so that the estate or share which, upon the death of the said testator's widow, had the said John Karstens left issue him surviving, would have vested in such issue, passed as property undisposed of by will to the testator's heirs and next of kin who were living at the time of the death of the said testator.

" And it is further ordered, adjudged and decreed that the right, title and interest of Albert Karstens and John Karstens in and to one equal undivided third part of the real estate of the said Gerhard H. Karstens, deceased, with reference to which the said Gerhard H. Karstens died intestate by reason of the deaths of the said Albert Karstens and John Karstens without issue before Catharine Karstens, the widow of the testator, passed upon their

deaths without issue to the plaintiff, Henry Karstens, and to Herman Karstens, since deceased, as tenants in common thereof, and upon the death of Herman Karstens, his right, title and interest in and to the said one equal undivided third part of the said real estate of the testator, Gerhard H. Karstens, passed under the will of the said Herman Karstens to his widow and devisee, Catharine Karstens, the defendant herein.

" And it is further ordered, adjudged and decreed that the right, title and interest of Albert Karstens and John Karstens in and to one equal undivided third part of the personal estate of the said Gerhard H. Karstens, deceased, with reference to which the said Gerhard H. Karstens died intestate by reason of the deaths of the said Albert Karstens and John Karstens, without issue before Catharine Karstens, the widow of the testator, passed upon their deaths without issue to the plaintiff, Henry Karstens, and to Herman Karstens, since deceased, as tenants in common thereof, and upon the death of Herman Karstens his right, title and interest in and to the said one equal undivided third part of the said personal estate of the testator, Gerhard H. Karstens, passed under the will of the said Herman Karstens to his widow and devisee, Catharine Karstens, the defendant herein. So that the plaintiff, Henry Karstens, individually, and the defendant Catharine Karstens, as sole devisee and legatee under the last will and testament of her husband, Herman Karstens, deceased, are now each seized of and entitled to one equal undivided half part of the real and personal property of the said Gerhard H. Karstens, deceased.

" And it is further ordered, adjudged and decreed that Henry Karstens, as sole surviving executor of and trustee under the last will and testament of Gerhard H. Karstens, has the right, power and authority to grant, bargain and sell the whole or any part of the real estate of which the said Gerhard H. Karstens died seized, and which remains unsold, and to give good and sufficient deed or deeds of conveyance for the same, and the said Henry Karstens, as such executor and such trustee is hereby directed to so grant, bargain and sell the said real estate either at public auction or at private sale on due notice to the defendants or their attorney, and to account for and distribute the proceeds thereof in the proper court.

" And it is further ordered, adjudged and decreed that the said Henry Karstens, as such executor and trustee, do also account for the personal property now in his possession or under his control, as provided by law."

The material portions of the will of Gerhard H. Karstens appear in the opinion of Russell, J., in the note.

The will of Herman Karstens was as follows :   " I, Herman Karstens, of the City of New York, being of sound mind, do hereby make and declare this my last Will and Testament.

" *First.* I give, devise and bequeath absolutely to my wife, Catherine Karstens, all my personal property of every nature and description of which I may die possessed.

"*Second.* I give, devise and bequeath absolutely to my wife, Catherine Karstens, all my right, title and interest in my father's estate which would revert to me on the death of my mother.

" *Third.* I hereby constitute and appoint my wife, Catherine Karstens, executrix and Jeremiah Macdonald as executor of this my last Will and Testament and direct that no bond, obligation or security be required from them."

*Chauncey S. Truax,* for the appellant.

*George W. Davison,* for the respondents.

Van Brunt, P. J. :

We might very well base our affirmance of the judgment appealed from upon the very satisfactory opinion of the court below ;* but we

---

*The following is the opinion of the court below :
Russell, J.:

Upon this application to the court for the construction of the will of Gerhard H. Karstens, the main controversy arises between the plaintiff, who is a son of the deceased and his sole surviving executor and trustee, and the defendant Catharine Karstens, who is the widow of another son, Herman Karstens, deceased. That question is whether Catharine Karstens takes the portion which would have been the share of her husband, Herman Karstens, if he had lived, or whether that share goes to the plaintiff as the sole surviving son of the testator.

The material parts of the will are here quoted. The wife, Catharine, who is therein referred to as having been the surviving wife of the testator and the mother of the four sons, died in the year 1894:

FIRST DEPARTMENT, MAY TERM, 1898.        [Vol. 29.

think that a consideration adverted to in this opinion is not given adequate weight in the construction of the will in question.   A will is always to be construed so as to give effect to the general intention of the testator as expressed in the whole instrument; and the court may transpose words and phrases, and read its provisions in an order different from that in which they appear in the instrument, and insert or leave out provisions, if necessary, but only in aid of the

"*Second.* I give and bequeath unto my beloved wife Catharine, all my household furniture, beds, bedding, silver and plated ware, and all other household goods and chattels of whatever nature and description, to have and to hold the same unto her forever.

"*Third.* I give, devise and bequeath unto my trustees, hereinafter mentioned, all the real, leasehold and personal estate which I may die seized and possessed of, or in any way entitled to, and wheresoever the same may be situated at the time of my decease.

"To have and to hold the same unto them and the survivors of them, to, for and upon the following uses, trusts, intents and purposes, and to and for no other use, trust, intent or purpose, that is to say, in trust in the first place to take possession and charge of my said real, leasehold and personal estate, to rent out my said real and leasehold estate, and invest the same and keep invested my said personal estate, upon good and sufficient security, and pay over the rents, profits, interest and income of my said estate after first deducting therefrom all taxes, assessments, insurance, repairs and other legal necessary payments and expenses, unto my beloved wife Catharine for and during her natural life.

"In trust in the second place, upon the decease of my said wife, to divide my said estate into three equal parts, and to pay over unto my sons, Herman Karstens and Henry Karstens, each one equal part or share thereof, to have and to hold the same unto them, respectively, their and each of their heirs and assigns forever, and to invest and keep invested on bond and mortgage upon good and sufficient real estate, in the cities of New York or Brooklyn, one equal part or share thereof, and to keep the same so invested during the natural life of my sons, John Karstens and Albert Karstens, and to pay over and divide the interest and income thereof equally between my said sons, John Karstens and Albert Karstens, and in trust in the last place upon the decease of them, and each of them, leaving issue him or them surviving to pay over unto said issue the parent's part or share, and if more than one issue then in equal proportions.

"*Lastly.* I do hereby nominate and appoint my said wife, Catharine, the executrix of, and my friend, Ernest C. Korner, the executor of, this my last will and testament, and also my son, Henry, as executor thereof, when he shall have arrived at lawful age, and I do constitute my said wife and the said Ernest C. Korner, and the survivor of them, trustees and trustee under this my will, and also my said son, Henry, an additional trustee, when he shall have arrived at lawful age, for all and every of the trusts, purposes and provisions herein expressed and declared; and I do hereby authorize and empower them, and the

testator's intent and purpose, never to devise a new scheme or to make a new will. (*Tilden* v. *Green*, 130 N. Y. 52.)

Applying this principle to the will in question, it seems to us to be clear that it was the intention of the testator to give an absolute interest in his estate to his sons Herman and Henry, subject to his wife's life interest. It appears from the instrument itself that the testator intended to make for his sons Herman and Henry a larger pro-

---

survivor of them, for the purpose of dividing my said estate, to sell and dispose of the same either at public or private sale, and to execute and deliver to the purchaser or purchasers thereof good and sufficient conveyances and transfers in the law for the same."

It is conceded that the son, Herman Karstens, died August 12, 1891, about three years before the death of his mother, so that he never came into the possession and enjoyment of any share of his father's estate. It has been also satisfactorily proven upon the trial that Albert died three years before the death of Herman, at the Soldiers' Home, at Washington, though passing under the name of James Welch. No argument has been made upon the proofs by either counsel, or authorities cited, with reference to the presumptions as to the death of John Karstens. But, as the facts as to the probability of his death have been proven, I am obliged to pass upon that question as it is material in this case. The testator, John's father, died in the year 1869. John must have known about the property which he left and the provisions of the will for his benefit upon the death of his mother, and must be presumed to have been possessed of the natural expectations incident to such prospect. He left the home of his mother more than twenty years before the trial, and thereafter but little was heard about him, the last that any member of the family had any information of his whereabouts or life being in 1883. Thus, though impelled, if living, by the strong and controlling motives to make himself known, of affection, family ties and hope of gain in pecuniary advantage, he is silent for fourteen years or more, which silence would presumably not have continued in view of the interests drawing him to his brothers and mother, and old home, and the property in which he had a contingent interest, if he was alive. Under such circumstances we may fairly presume him to have died, and such view is sustained by the authorities.

In the case of *Davie* v. *Briggs* (97 U. S. 628) absence of seven years was deemed sufficient (see p. 633). (See, also, the following cases where different periods under the circumstances were held sufficient for a presumption of death: *Clark* v. *Owens*, 18 N. Y. 434; *Sheldon* v. *Ferris*, 45 Barb. 124; *King* v. *Paddock*, 18 Johns. 141.)

The theory is also sustained by kindred legislative action. (Code Civ. Proc. § 841; Penal Code, § 299.)

No information was ever received of the marriage of John Karstens; no claimant has ever appeared as his wife or child or descendant, and we may reasonably infer that the same motives of pecuniary interest, if not of the ties of affinity, would have actuated any person who might claim through John Karstens to

vision than for his sons John and Albert. He gives them their interest in the estate absolutely; whereas, as to the interest of his sons John and Albert, he gives to them only the income, and, if such sons die either during the continuance of the intermediate estate or afterwards, their children inherit the share which their parent would have taken if living.

If the construction claimed by the appellants is to be put upon this will, then, in case either Herman or Henry died during the continu-

make known his existence, as would be natural in his case were he living. His last known state being that of a man without any marriage tie, the presumption of the continuance of that state is fortified by the attendant circumstances.

We may, therefore, consider the plaintiff, Henry Karstens, and his sister-in-law, Catharine Karstens, as the sole surviving claimants to the estate, although the plaintiff's counsel, in his supplemental memorandum, for the first time expresses some doubt as to the proof of the death of John Karstens. He seems to have acted upon a different theory in framing his cause of action, for he did not name John Karstens as a party, although he would have had an interest if living.

The argument of the plaintiff's counsel, seeking to gain for his client the whole of the estate to the exclusion of his brother's widow, is that the provision for the sons contained in the will was for the benefit of a class, and that the death of either before the mother's death carried his portion into intestacy, because the provision for the benefit of all the sons vested no estate in any of them until the death of the mother, in distinction to the case where the vesting took place upon the death of the testator, and the right of enjoyment merely was deferred.

It is undoubtedly the rule that where the testator plainly makes no gift to his beneficiaries, but provides for their enjoyment of a portion of his estate on the happening of a contingency, such beneficiaries do not take a vested interest upon the death of the testator. (*Shipman* v. *Rollins*, 98 N. Y. 311; *Smith* v. *Edwards*, 88 id. 92.) But this is a rule to which resort must only be had in the absence of any signification of a contrary intent indicated by the testator, and where such a different intent is manifest from the will the vesting takes place at once upon the death of the testator, however long the enjoyment may be postponed. (*Matter of Young*, 145 N. Y. 535; *Goebel* v. *Wolf*, 113 id. 405; *Warner* v. *Durant*, 76 id. 133.)

And in the very case cited of *Smith* v. *Edwards* (*supra*), relied upon by plaintiff's counsel, where the Court of Appeals held that the postponing of the vesting of the estate, as to a large part of the property affected, rendered parts of the will invalid as unduly suspending the power of alienation, it still held that another clause, giving to each grandchild born within twenty years, and before the final settlement of the estate, the sum of $1,000, to be paid to each on reaching full age, or if a granddaughter, upon her marriage, did not unduly suspend the absolute ownership and that the bequests were valid.

It is necessary, therefore, to scrutinize the terms of the will in order to deter-

ance of the intermediate estate, leaving children, such children could inherit nothing. This was clearly not the intention of the testator. He undoubtedly supposed that Herman and Henry would have an absolute title to their shares, and might make such disposition of the same as they might see fit. Present words of gift are contained in the devise and bequest to the trustees as the representatives of the beneficiaries, namely, his wife and children. They were to hold the

mine the intent of the testator. It is conceded by the plaintiff's counsel, and is plain from the contents of the will, that the testator had unequal regard for his sons, Herman and Henry being the favorite ones and John and Albert subordinate in interest. The last-named sons, either from the testator's knowledge of their character or from some other cause, were intentionally given a lesser interest in his estate, and the interest so given them was only for a life tenure. He desired that his wife should have the income of his property during her life. It became necessary to provide in the will where the property should go at her death, because of the unequal distribution among his sons who were his next of kin and heirs. He provides for the division of the estate at the death of his wife into three equal parts, one-third to Herman, one-third to Henry, and the other third to John and Albert for their natural lives, and, in case of their respective deaths leaving issue, the parent's share was to go to such issue. The provision as to the division of the estate being deferred until the death of the wife was made to preserve it as a whole for the income of the wife during her life. It could not be divided and portions given to any of his sons and still be used as a whole to produce an income for the widow. His expectation undoubtedly was that Herman and Henry would, in the natural course of human events, survive their mother, and with that probability in view he gives them two-thirds of his estate on her death, emphasizing the gifts by the habendum clause: "To have and to hold the same unto them respectively, their and each of their heirs and assigns forever." There is no distinction of favor between Herman and Henry, and it cannot be presumed that an unlooked for contingency of one of them dying before their mother was designed by the testator to effect a diversion from the representatives of the deceased brother to the surviving brother, the possibility of knowing which one would survive being, of course, entirely unknown to the testator. If the construction of the plaintiff's counsel be correct, there being no provision in the will for the contingency of the death of one of the two sons, or that the share of such a deceased brother should go to his descendants, if Herman had left children the force of such construction would take away from those children the most of the third part given by the testator for the benefit of their father, and cause it to revert to the surviving brother, who had already received an equal share, and to the other brothers who did not stand high in their father's favor. Such a construction is plainly antagonistic to the wishes of the testator, who in no way indicated a desire to have the share of either Herman or Henry pass by remainder over or reversion, under any contingency, to the other brothers.

estate for the benefit of the wife and children, to pay the income to the wife during her life, and upon her death to hand over two-thirds of it to Herman and Henry, and to hold the remaining one-third for the benefit of John and Albert, and upon their death to pay their share to their children if they should leave any.

The judgment should be affirmed, with costs.

BARRETT, RUMSEY, INGRAHAM and McLAUGHLIN, JJ., concurred.

Judgment affirmed, with costs.

---

This view is still further fortified by the provisions in regard to John and Albert. The argument that the testator made a class provision for his four sons is destroyed by the distinctive provision for John and Albert, giving to them but one-half what he gave to the other sons; by limiting their enjoyment to that of a life income of the profits, subject to the continuance of the trust, as to a third of his estate, and by his distinctive provision that their issue should receive the remainder over of their shares upon their respective deaths. Is it possible that this testator would wish to continue to the descendants of the sons for whom he had the least regard the lesser benefits provided in his will for those sons, and leave them the absolute title to their fathers' shares, which those fathers had enjoyed only for life, and yet as to either one of his favorite sons — which one not being distinguishable — he chose by his will to limit his benefits to the contingency of his surviving the mother, and destroyed the descent or distribution to his children ?

The true construction of this will is that Herman and Henry received a vested interest upon the death of their father, the testator, the enjoyment thereof being postponed until the death of their mother; and so Catharine, now succeeding to the interest of her deceased husband by his will, and Henry take the two-thirds of the estate by force of the will. By the deaths of John and Albert the one-third reserved for their use goes into intestacy. Henry and Herman having survived their father they had a vested reversion in the interests of John and Albert, and the interest of Herman was lawfully passed by him though his will to his wife Catharine, so that both Henry and Catharine are tenants in common of the entire estate.

I assume from the proof and the pleadings so far that there has been no sale of the realty; nor do I see from their ownership any necessity of the trustee's selling that real estate and dividing the same. Unquestionably he has the power to do so, and unless counsel for Catharine have objections to his selling the real estate and dividing the proceeds, with a division of the personal estate, it is perhaps better that this should be done to save the possible expenses of partition. Such a direction will be incorporated in the judgment herein unless objection be made; and if the defendant Catharine does object, this question will be farther considered by the court. Let the proper decision and judgment be drawn and served, with notice of settlement.