In the Matter of the Estate of MARY FEEHAN, Deceased.

Surrogate's Court, Kings County, December 20, 1932.

*Bernard Cowen*, for the petitioners.

WINGATE, S. This application for letters of administration is predicated upon a presumption of death through absence. It appears that in 1848 or thereabouts Mary Feehan, then a young girl, left her home in Kilkenny, Ireland, to take up a residence in India where she was to be employed as a servant. In 1887 Patrick Feehan, a brother of Mary, who also had left Ireland (he, however, to make a home in America), died a resident of Kings county, leaving a will wherein Mary was named as legatee. The court is

referred to certain documents received during the course of the administration of Patrick's estate, indicating that inquiries had been made in Ireland respecting the brothers and sisters of Patrick, which inquiries elicited the information that Mary had never communicated with her brothers and sisters in Ireland since her departure therefrom. (*Matter of Surpless*, 143 Misc. 48, 50, and cases cited.)

In addition, there is presented hereon the affidavit of Mary Waller, one of the present petitioners, and niece of Mary Feehan, who was born some thirteen years after her aunt left Ireland, to the effect that the affiant never heard from Mary Feehan nor from her descendants, if any. Such affiant further informs the court that her sister, Bridget, who was born in Kilkenny in 1865, and has since resided there, has never received as a visitor one claiming kinship to Mary Feehan. Bridget, however, makes no statement. It is asserted that Mary Feehan, if alive, would be more than 100 years old, the exact age claimed being somewhat indefinite.

It appears that these two ladies would be entitled to the entire estate of Mary Feehan, in the event that she has died, intestate, unmarried and without other heirs. The legacy from Patrick Feehan, which has been deposited by order of this court, would, apparently, constitute such entire estate.

From these facts, the court is asked to indulge in a presumption of death.

The burden of establishing the facts upon which such presumption may be based rests upon the party invoking the presumption. (*Butler* v. *Mutual Life Insurance Co.*, 225 N. Y. 197.) The court, too, must be mindful " that where a presumption of death from absence is indulged, it will further be presumed that the absentee died intestate, unmarried and without heirs in the absence of a showing to the contrary. (*Barson* v. *Mulligan*, 191 N. Y. 306, 324; *Karstens* v. *Karstens*, 29 App. Div. 229, 235; *Matter of Smith*, 77 Misc. 76, 81; *McComb* v. *Wright*, 5 Johns. Ch. 263.) " (*Matter of Katz*, 135 Misc. 861.)

No single element of an unexplained disappearance has been brought to the attention of the court. The departure from Ireland was a deliberate and planned venture, known to her family. The purpose of her going has been established; she left to take up a new residence thousands of miles distant in India. Apparently, Mary Feehan never wrote to her brothers or sisters thereafter. There is no indication that she intended ever to return. The only inquiries with respect to her have been made in Kilkenny, Ireland, the place from which she is known to have departed many years ago. No investigation or even inquiry has been made in India. The language

of Surrogate LIVINGSTON in *Keller* v. *Stuck* (4 Redf. 295, at p. 298) becomes peculiarly pertinent: " No presumption of a person's death arises from the fact that such person, having abandoned his original place of residence in this State for the purpose of acquiring a new residence in some other State, has not been heard of for more than seven years at his original place of residence. The absence, without being heard from for seven years, which will warrant the presumption that a person is dead, means absence from the person's place of residence — his home — with which place he would most certainly keep up some kind of communication, or to which he would return were he alive; hence, if he has been absent therefrom for seven years without having been heard of, it may naturally enough be presumed that he is dead, but no such inference can be drawn from the fact that he has been absent from, and has not been heard of at, a place which was not or had ceased to be his home or place of residence. The reasons on which the presumption is founded in the former do not exist in the latter case, and consequently the presumption itself does not exist in such a case. (*McCartee* v. *Camel*, 1 Barb. Ch. 463.) " (See, also, *Matter of Katz, supra*, at p. 868, and cases cited.) Without an investigation in the land of her new home, India, the present application must fail. With the evidence here presented, the court would not be justified in a finding of presumption of death with all that such finding entails despite the fact of the unusually advanced age of Mary Feehan if alive today.

The petition is, therefore, dismissed.