PEOPLE v. MENDENHALL.

BIGAMY—COMMON-LAW MARRIAGE.

> A married person who contracts a common-law marriage is guilty of bigamy equally as if the second marriage were attended with the statutory formalities.

Error to Jackson; Peck, J. Submitted February 10, 1899. Decided February 21, 1899.

Augustus C. Mendenhall was convicted of bigamy, and sentenced to three years' imprisonment in the state prison at Jackson. Judgment affirmed.

*John F. Henigan*, for appellant.

*Horace M. Oren*, Attorney General, and *Charles H. Smith*, Prosecuting Attorney, for the people.

MONTGOMERY, J. The respondent was convicted of the crime of bigamy. The only substantial question raised is whether the offense is committed by one who, being married, contracts a common-law marriage lacking the formalities which the statute prescribes for the solemnization of marriages. The testimony on the part of the people tended to show that the respondent and the complaining witness, Bertha A. Poyle, entered into an agreement in writing as follows:

"I, Augustus C. Mendenhall, do hereby solemnly agree to take Bertha A. Poyle as my wedded wife, to live together in the holy estate of matrimony, to love her, comfort her, honor and keep her, in sickness and in health, and, forsaking all others, keep her only, so long as we both do live.

"I, Bertha A. Poyle, do hereby solemnly promise to take Augustus C. Mendenhall as my wedded husband, to live together in the holy estate of matrimony, to love, honor, comfort, and keep him, in sickness and in health,

and, forsaking all others, keep him only, so long as we both do live.

"AUGUSTUS C. MENDENHALL.
"BERTHA A. POYLE."

It was shown that this agreement was signed in the presence of witnesses; and that, acting on this agreement, the parties immediately commenced to cohabit as husband and wife, and continued to so cohabit for some weeks, when the complaining witness learned of the former marriage of the respondent.

The circuit judge charged the jury:

"If you find from the evidence, and beyond a reasonable doubt, that Bertha Poyle entered into the contract in question in good faith, for the purpose of creating the marriage relation between her and Mendenhall, and not for the purpose of establishing or covering up unlawful sexual intercourse between them, and that she did this without knowledge or information that Mendenhall had a prior wife living, from whom he was not divorced, and that the marriage contract so entered into was followed by marital cohabitation, submitted to by her in good faith, supposing she was his lawful wife by virtue of such contract, then you should regard the second marriage charged in the information as sufficiently proven; otherwise, you should not."

The respondent's counsel stated his claim as follows:

"The presumption of a valid marriage from the circumstances of cohabitation and the declaration of the parties, while it may be conclusive where there is no impediment in the way, yet we apprehend that where, as in this case, there is an impediment, to wit, a first marriage, and that impediment is proven, what is at most lewd and meretricious cohabitation cannot, by a humane presumption of the law, be converted into a predicate for the second marriage required under the statute of bigamy."

It is a settled rule in this State that a marriage in fact may be shown by proof of an agreement between two persons of opposite sex to take each other presently as husband and wife, consummated by cohabitation. *Hutchins* v. *Kimmell*, 31 Mich. 126 (18 Am. Rep. 164); *Clancy* v.

*Clancy*, 66 Mich. 202; *People* v. *Loomis*, 106 Mich. 250. It follows that such informal agreement constitutes a marrying, within the meaning of section 9280, 2 How. Stat. It is none the less a marrying because one spouse is already married. It is true of every case of a bigamous marriage that the second marriage is void; and, as was said in *People* v. *Brown*, 34 Mich. 339 (22 Am. Rep. 531), it is the entering into a void marriage while a valid marriage exists which the statute punishes. In Bish. Stat. Crimes, § 592, it is said, "In a State where mutual consent alone constitutes matrimony, as with the first marriage, so with the second,—no added formalities need be shown." See, also, *Hayes* v. *People*, 25 N. Y. 390 (82 Am. Dec. 364).

The conviction is affirmed.

The other Justices concurred.