## JOHN BURKS v. THE STATE.

### No. 3305.   Decided May 16, 1906.

**1.—Bigamy—Demurrer to Evidence—Common Law Marriage.**

Upon a trial for bigamy where the evidence showed that the first marriage was consummated by virtue of a marriage license and that the second was a common law marriage, there was no error to overrule a motion to strike out the evidence and instruct the jury to acquit; as in this State a common law marriage is valid.

**2.—Same—Voluntary Repudiation of Marriage.**

Upon a trial for bigamy it was no defense that the woman with whom the alleged bigamous marriage occurred repudiated the same as soon as she discovered the fact that the defendant was not divorced from the former wife.

**3.—Same—Jury and Jury Law—Practice—Handcuffs.**

Where upon trial for bigamy, when the case was called for trial, defendant was brought into court handcuffed in the presence of the jury panel from which defendant's jury was taken, and there was nothing in defendant's bill of exceptions nor in the record that this resulted injuriously to appellant, there was no error, although such practice should be avoided.

Appeal from the District Court of Harrison.   Tried below before Hon. R. B. Levy.

Appeal from a conviction of bigamy; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant his reached the hands of the Reporter.

*J. E. Yantis,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of bigamy. The evidence is conclusive of the first marriage of appellant. The facts in regard to the second marriage are that appellant married the woman named in the indictment in the presence of a multitude of people; a minister performed the ceremony, and they agreed to and did live as husband and wife, and so held themselves out for three weeks afterwards, when ascertaining the fact that appellant had not been divorced from his first wife, the second wife refused to longer live with him. It is in evidence that the first marriage was consummated by virtue of a marriage license, and that the second was a common law marriage.

Appellant made a motion to strike out all the evidence and instruct the jury not to consider it, because it tended to establish a common law marriage, if any marriage; and further that there can be no crime in Texas at common law; and that the statutes of the State prescribe a form or mode of marriage ceremony, and that this marriage, if any, was not performed under a marriage license authorized by the statute, and therefore could not form the basis of a prosecution for unlawful marriage in Texas. And for the further reason that as soon as Fannie Morris learned no marriage license was issued, she

repudiated the marriage and thereby dissolved it, if any existed. It has been held from the beginning in Texas that a common law marriage was valid; that it is not a prerequisite to the validity of a marriage that a license issue. The issuance of the marriage licenses and the execution of it by marrying the parties, and the return, is but evidence of a marriage. The issuance of the license authorizes the marriage, but the license itself does not constitute a marriage. Nor is there any merit in the contention that Fannie Morris, the woman with whom the alleged bigamous marriage occurred, repudiated the marriage as soon as she discovered the fact of the want of a divorce from the former wife, and thereby dissolved the marriage, if any existed. Of course she could not dissolve the marriage, if it had been a legal one. It being illegal, the law itself held it vicious. The court did not err in overruling appellant's motion to strike out the testimony. Nor did the court err in refusing the special requested instructions. All these charges centered upon the same proposition, raised in the demurrer to the evidence, that a common law marriage would not sustain a conviction on the charge of bigamy. The authorities in this State are so overwhelmingly the other way, it is not deemed necessary to cite them.

When the case was called for trial, appellant was brought into court with another prisoner, and just after getting within the courtroom, handcuffs were taken from him. Exception was reserved to this, because it is stated that it was in the presence of the jury panel for the week and could be seen by the jurors; and that from this panel was selected the jury which tried appellant. The court reminded the officer that it was improper to bring prisoners into court in this manner, but this admonition was not heard by the jury. This character of procedure should be avoided. But we are cited to no authority, nor are we aware of any, that would require a reversal under this state of facts. There is nothing made to appear by bill of exceptions, nor in the record that this resulted injuriously to appellant. In the empanelment of the jury, so far as the record is concerned, no question was raised as to any injurious effect upon them; nor is it suggested as a matter of investigation before the jury, while they were being empaneled. As presented, we do not believe it was of sufficient importance to require a reversal.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*