## J. L. HOOTER v. THE STATE.

No. 5996.   Decided December 8, 1920.

1.—Bigamy—Sufficiency of the Evidence.

Where, upon trial of bigamy, the evidence sustained the conviction, there was no reversible error on that ground.

2.—Same—Temporary Insanity—Recent Use of Intoxicating Liquors—Marriage.

Where, upon trial of bigamy, the defendant claimed temporary insanity at the time of the marriage, brought about by the recent use of intoxicating liquors and that this should bar a conviction for the reason that while so affected he would be without the capacity to enter into a marriage agreement; held, that the same is untenable and while this might make a marriage voidable in a direct civil proceeding, it would be no defense in a criminal case under Article 41, Penal Code; following Colbath v. State, 4 Texas Crim. App., 78.

3.—Same—Rule Stated—Bigamy—Marriage.

The law does not contemplate that a bigamous marriage be valid, but the crime is committed by entering into the marriage made void by the marriage relation of one of the parties already existing, and defendant cannot excuse himself upon the ground of mental incapacity by the recent use of intoxicants. Following Clore v. State, 26 Texas Crim. App., 624, and, where he was given the benefit of that phase of the statute as to mitigation of the punishment, there was no reversible error.

4.—Same—Voluntary Use of Liquor—Practice on Appeal.

Where, upon trial of bigamy, the defendant claimed temporary insanity from the recent use of intoxicating liquors and claimed that the evidence presented the issue, whether this was voluntary, but no such issue was raised by the evidence, the same was untenable.

Appeal from the District Court of Rockwall. Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of bigamy; penalty: two years' imprisonment in the penitentiary.

The opinion states the case.

*Baskett & DeLee,* for appellant.—Cited Hayes v. People, 25 N. Y., 398; Catmichael v. State, 12 Ohio State, 554; People v. Brown, 34 Michigan, 339.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The conviction is for bigamy. The evidence is sufficient to sustain the conviction. Appellant set up temporary insanity, brought about by the recent use of intoxicating liquors, and insists that a state of temporary insanity thus occasioned should bar a

conviction, for the reason that while so affected he would be without the capacity to enter into the marriage agreement. Enforcing this theory, the appellant sought to have the court instruct the jury in substance that if at the time the marriage ceremony was performed, the appellant was in a state of temporary insanity from the cause stated, a conviction could not result. He refers us to Mr. Bishop's work on Marriage, Divorce and Separation, in which it is said:

"Now, to constitute marriage, each party must entertain the specific intent to marry the particular person, so that if we apply to it the strict rule of criminal law, one who simply means to get drunk, and does it cannot, when his drunkeness is so deep as to disqualify him from the matrimonial capacity, enter into a valid marriage."

The author is not without authority to the effect that in a civil suit to annul a marriage, insanity brought about by the recent use of intoxicants might be sanctioned as a reason for granting the decree annulling the marriage. Such a marriage has often been held voidable. Prine v. Prine, 34 L. R. A. 37, and cases cited in notes. Amer. & Eng Encyc. of Law, vol. 19, 2nd Ed., p. 1164, note 2; Re Gregorsen, L. R. A. 1916C, 7-3. We are without knowledge of authorities declaring such marriage void by reason of the want of mental capacity. A bigamous marriage is always void: Encyc. Law of procedure, vol. 5, p. 693; Amer. & Eng. Encyc. of law, vol. 4, p. 38, note 1; Barber v. People, 68 N. E. Rep., 93. A voidable marriage, even in civil proceeding, is subject to a direct, but not a collateral attack. Ruling Case Law, vol. 18, p. 440, sec. 69, and p. 446, sec. 77.

In our statute, Art. 41, Penal Code, it is said: "Neither intoxication nor temporary insanity of mind produced by the voluntary recent use of ardent spirits, shall constitute any excuse in this State for the commission of crime."

Even prior to the passage of this statute, it seems to state a rule recognized by the courts. In Colabth v. State, 4 Texas Crim. App., 78, the court said: "There is, in truth, no injustice in holding a person responsible for his acts committed in voluntary intoxication. It is the duty everyone owes to his fellowmen and to society, to say nothing of the more solemn obligations, to preserve, so far as lies in his own power, the inestimable gift of reason. If by voluntary act he temporarily casts off the restraints of reason and conscience, no wrong is done him if he is considered answerable for any injury which in this State he may do to others or society." This principle was emphasized by the statute mentioned.

The law makes it a crime for one to enter into a bigamous marriage. It does not contemplate that it be a valid marriage, but the crime is committed by entering into the marriage made void by the marriage relation of one of the parties already existing. In this instance, from appellant's testimony, which, by the way, was strongly controverted, the marriage was voidable for another reason, namely, his want of

mental capacity due to the recent use of intoxicants. He claims that he did not commit the crime by entering into the void marriage, because he was without the mental capacity to comprehend the agreement he was making. Our understanding of the statute to which we have referred is to preclude one excusing himself from an unlawful act upon the ground of mental derangement rendering him incapable of understanding the nature of the act, where such derangement is brought about alone by the recent and voluntary use of intoxicating liquors. Such, we understand, has been the interpretation of the statute, and the effect given it by the decisions of this court in its previous rulings. Clore v. State, 26 Texas Crim. App., 624, and other cases in Vernon's Texas Crim. Statutes, vol. 1, p. 22 & 23; also Rose's Notes on Texas Reports, vol. 5, p. 713.

For appellant's testimony, it appears that he was separated from his first wife, and understood that she obtained a divorce. The issue of mistake was submitted upon this ground. It appeared that he met the woman, with whom the bigamous marriage took place, when he was not under the influence of liquor; that she at the time was at a chicken garden; that he in company with others, began drinking about five o'clock in the afternoon. Other evidence showed that the party got into an automobile, and went from the city of Dallas to the town of Rockwall, arriving at about midnight, at which time the ceremony was performed. From other testimony, it appears that appellant was in the woman's company from about half past eight o'clock in the evening. She entered the car with one Coleman, a companion of the appellant and understood from Coleman that she was to meet the appellant, and get married on the trip. She claimed that she had had no conversation with the appellant on the subject. Even if appellant's theory of the law was correct, the charge which he requested required his acquittal if at the time the ceremony took place he was reduced by drink to a state of temporary insanity, and the question of his previously forming the intent to marry, and afterwards voluntarily imbidding to the extent mentioned, was ignored by the charge.

The appellant was given the benefit of that phase of the statute which rendered the temporary insanity, if it existed, from the cause stated, available to mitigate the punishment. If we comprehend the law of this State, he was not entitled to more.

There is a suggestion in the brief of counsel that the record presents an issue as to whether the use of the liquor by the appellant was voluntary. There is no suggestion that the whisky which he drank was drugged, or that he was forced to drink it, and it would be conceded that if he drank the whiskey its use was voluntary. As stated before, whether he was in fact in a state of intoxication is strongly controverted.

We find nothing in the record justifying a reversal of the judgment. It is therefore affirmed.

*Affirmed.*