## HORACE BETHANY v. THE STATE.

No. 6565.    Decided January 11, 1922.

Rehearing denied February 15, 1922.

**1.—Bigamy—Void Marriage—Theory of Defense—Bigamous Marriage.**

Where defendant's theory of defense was that the alleged marriage was not followed by co-habitation, and that the minister who performed the ceremony omitted some of the usual formula, etc., but the record showed that defendant obtained a license and the ceremony was performed by the minister, this completed the violation of the law, though said marriage was void. The word "marry" used in the statute as applied to the second marriage does not mean a valid one. Following Hooter v. State, 88 Texas Crim. Rep., 265.

**2.—Same—Knowledge of Second Wife.**

The fact that the alleged second wife at the time of the second marriage knew that the first marriage was undissolved is of no consequence. Following Burks v. State, 50 Texas Crim. Rep., 47.

**3.—Same—Rehearing—Former Living Wife—Evidence.**

Where appellant for the first time, in his motion for rehearing insisted that the evidence failed to show that the former wife was living at the time defendant entered into the bigamous marriage, but the record showed that his former wife was living and was actually in the courthouse at the time of the trial, there was no reversible error.

**4.—Same—Intent—Marriage Contract—Marriage Ceremony.**

Where appellant contended that his intention was that he and his last alleged wife did not intend to actually marry, but to enter into a marriage contract to be consummated later, but the record showed that the minister who performed the marriage testified that no such understanding or agreement was mentioned, and that they were regularly married under a license duly returned as required by law, there is no reversible error.

Appeal from the District Court of Austin. Tried below before the Honorable M. C. Jeffrey.

Appeal from a conviction of bigamy; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Johnson, Matthaei & Thompson,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Conviction is for bigamy; punishment fixed at confinement in the penitentiary for a period of two years.

Appellant was married to Rosia M. Keener in 1916, and divorced from her on June 6, 1921. On March 14, 1921, he married Ninnie Spates. He did not cohabit with the said Ninnie Spates until after his divorce, when he was remarried to her.

It is the theory of the defense that the marriage of the 14th of March, not followed by a cohabitation, does not satisfy the law defining the offense of bigamy, wherein it is said: "If any person who has a former wife or husband living shall marry another in this State, etc." (Penal Code, Article 481.)

In support of this theory, appellant and his wife testified that the minister who performed the ceremony omitted some of the usual formula, such as declaring them husband and wife, and their intent was not to enter into the marriage relation but simply to bind themselves to do so when, at a subsequent date, the appellant, by the entry of the contemplated divorce decree, might be free to do so. It may be stated in this connection that the second marriage was performed by a minister at the request of the appellant. He presented a license regularly

issued, which was duly returned by the minister, who declared in his testimony that the ceremony was regularly performed. This testimony supporting the verdict of the jury would be sufficient to conclude the appellant on the facts even if his defensive theory was a sound one. It is, in our opinion, however, not sound. The word "marry" used in the statute, as applied to the second marriage, does not mean a valid one. All bigamous marriages are void. Cyc. of Law & Proc., vol. 5, p. 693; Hooter v. State, 88 Texas Crim. Rep., 265. According to the testimony of the appellant and his witnesses, he obtained a license to marry, and the ceremony was performed by the minister. This, according to the authorities, completed the violation of the law. Corpus Juris, vol. 7, p. 1162, subdivision 15, note 75. The fact that Ninnie Spates, at the time of the second marriage, knew that the first was undissolved was of no consequence. Richardson v. State, 103 Md., 112; 63 Amer. Rep., 317; Burks v. State, 50 Texas Crim. Rep., 47.

The evidence is sufficient to sustain the conviction. No error is pointed out.

The judgment is affirmed.

*Affirmed.*

## ON REHEARING.

## January 15, 1922.

HAWKINS, JUDGE.—Appellant now for the first time in his motion for rehearing insists that the evidence fails to show that his former wife was living at the time he entered into what the State alleges to be the bigamous marriage. This evidently was not regarded as a very serious contention, as we find no mention of it in his motion for new trial. However, we have examined the statement of facts, and we find the evidence ample to show that his former wife was not only living at the time the bigamous marriage was entered into, but that she was actually present in court at the time of his trial.

The other proposition urged is as equally untenable. As we understand it, his contention is that he and his last alleged wife did not intend to actually marry, but to enter into a marriage contract to be consummated when he had secured a divorce from his first wife. This proposition is directly controverted by the testimony of the colored minister who performed the marriage ceremony between him and his last wife, who testified that no such understanding or agreement was mentioned to him and that he married them regularly and returned the license as required by law.

The motion for rehearing is overruled.

*Overruled.*