BILLY WAYNE STEVENS V. STATE

No. 25489. November 7, 1951.

Hon. Floyd Jones, Judge Presiding.

*Tom M. Miller*, Graham, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for bigamy; the punishment, two years in the penitentiary.

It is undisputed that the first marriage was a valid ceremonial marriage and that the second, or bigamous, marriage is made to depend entirely upon circumstances claimed to be sufficient to constitute a common-law marriage.

Appellant insists that (a) a bigamous marriage cannot be founded upon a common-law marriage, and (b) the instant facts do not show a common-law marriage.

The basis of the first contention lies in the fact that a bigamous marriage is absolutely void and therefore may not be the subject of the agreement necessary to a common-law marriage.

In two cases this court has announced the rule that the crime of bigamy may be founded upon a common-law marriage. Burks v. State, 50 Tex. Cr. R. 47, 94 S. W. 1040, and Hopson v. State, 115 Tex. Cr. R. 260, 30 S. W. 2d 311, 70 A. L. R. 1028. Neither of these cases, however, entered into a discussion of the question, especially in the light of the contention now made, which is that the parties to a common-law marriage cannot agree or enter into a contract to do that which is absolutely void. The question is not without difficulty.

In Bethany v. State, 91 Tex. Cr. R. 59, 237 S. W. 262, it was said: "The word 'marry' used in the statute, as applied to the second marriage, does not mean a valid one. All bigamous marriages are void."

In 7 Am. Jur., Bigamy, p. 756, we find the basis for the rule just stated, in the following language: "A more accurate statement is that it is the appearing to contract a second marriage and the going through the ceremony which constitutes the crime of bigamy; otherwise, it never could exist in ordinary cases, as a previous marriage always renders null and void a marriage that is celebrated afterward by either of the parties during the lifetime of the other."

As supporting the text quoted, attention is there called to the case of People v. Brown, 34 Mich. 339, 22 Am. Rep. 531, where it was held that a marriage between a white woman and a Negro man could be bigamous, notwithstanding the existence of a statute forbidding such a marriage between such parties.

Also, in 10 C. J. S., p. 364, it is said:

"While it has been held that the subsequent marriage must be of such a character that but for the existence of a prior legal marriage it would be valid, the weight of authority is that, where the form of ceremony of marriage with another person is gone through, there is a sufficient marriage on which to predicate a charge of bigamy, the view being taken that the word 'marries,' when applied to a subsequent marriage, means going through a form of marriage, and does not mean a valid marriage; added formalities are not necessary where mutual consent of the parties alone is sufficient to constitute matrimony, and a common-law marriage is sufficient."

We remain convinced that the crime of bigamy may be predicated upon a common-law marriage.

The facts show, among other things, that appellant held out and introduced to others as his wife the woman alleged to be his common-law wife; that she introduced appellant as her husband; that they lived together; and that the wife became pregnant and, after the institution of this prosecution, gave birth to a child.

We are constrained to agree with the state that the facts warranted the jury's conclusion that a common-law marriage is shown.

Appellant contends that the facts show him guilty only of the crime of adultery and therefore he could not be convicted of the crime of bigamy.

It was the province of the state to carve out of the transaction a showing of the offense of bigamy. It would be immaterial and constitute no defense to that crime that the facts also showed adultery, the test here being only whether the facts showed the offense of bigamy to have been committed. We have concluded that they do so show.

434

The judgment is affirmed.

Opinion approved by the court.